No. 52.—William Robinson, plaintiff in error, *vs.* Steamer Lotus and Owners, defendants in error.

It is not sufficient, in a proceeding under the act of 1841, giving to all persons employed on steamboats, and other water crafts, on the Chattahoochee, Altamaha, and Ocmulgee rivers, a lien on said steamboats or water craft, for wages, &c., for the plaintiff or affiant to swear to the amount due for services rendered on board such boat, without further showing the case to be within the provisions of said act, either in the pleadings, in the form of a petition, or in the affidavit by way of recital.

The said act is in derogation of the common law, and must be construed strictly.

The defendant is not precluded of his right to a motion to quash, or to arrest the judgment, because the second section of the act points out the mode of contesting the amount due. The motion to quash admits the amount claimed to be due, but insists, that *from the pleadings, it does not appear* that the plaintiff has any cause of action against the defendant.

A petition, setting forth all the necessary facts, and accompanied with the affidavit required by the statute, would be a convenient form of pleading in these cases.

This case was tried by Judge Alexander, in Muscogee Superior Court, May Term, 1846.

The opinion delivered by the Supreme Court contains the facts of the case and the points decided.

Hines Holt, for the plaintiff in error.

James Johnson, for the defendant in error.

*By the Court*—Nisbet, Judge.

This was a proceeding under the act of the Legislature, passed in 1841, giving to captains, pilots, and certain other persons therein named, a lien on steamboats and other water craft, engaged in the navigation of the Chattahoochee, Altamaha, and Ocmulgee rivers, for debts, dues, wages, &c., held against the owners, for personal services rendered on board said boats and water craft. For the act at large, see *Hotchkiss*, 625–6. The affidavit was made before Judge Alexander ; upon it, judgment was rendered in favor of the affiant, execution issued, and the steamer Lotus was brought to sale. The money being in the hands of the court for distribution, a motion was made to quash the execution, upon the ground that the plaintiff's affidavit did not bring his case within the requirements of the act. The motion was sustained by the court, and upon it the plaintiff assigns two grounds of error :

1st. Because said affidavit is made in exact accordance with the law, and is therefore sufficient in law.

2d. Because the defendant has not pursued the mode of defence pointed out by the law, to which alone he was entitled.

These questions depend altogether upon the construction of the act of 1841. The affidavit in this case sets forth the amount due to the plaintiff for services rendered by him on board the steamer Lotus. It was contended by counsel for the plaintiff in error, that the statute requires the party to swear to nothing more than was sworn to in this case ; that

the oath was in exact pursuance of the law, and, therefore, sufficient in law. It is true that the act does require the plaintiff to swear to nothing more than he did swear to; and, so far as the oath is concerned, that is full enough. But we think that the pleadings of the plaintiff, in the form of a petition, or of recital in the oath, should show his case within the provisions of the act. This act is in derogation of the common law, and must be construed strictly. It creates a lien in favor of certain persons, under certain circumstances, which overrides all other liens. Before this lien can be allowed, the party must show compliance with all the conditions, and bring himself within all the requirements and limitations of the statute. He could scarcely be held to show thus much, unless he is held to make averments to the like extent. As before intimated, we are of opinion that a petition, setting forth all the necessary facts, and accompanied with the affidavit required by the statute, would be a convenient form of pleading in these cases. The act creates the lien upon steamboats and other water craft, navigating the Chattahoochee, Altamaha, and Ocmulgee rivers, and no other rivers. The plaintiff should, therefore, show, that the lien which he seeks to enforce is upon a steamboat or other water craft, navigating one of those rivers. The act gives the lien only to a certain description of persons; he should show that he is one of those contemplated in it. It requires that the plaintiff should make demand, and prosecute the collection of his claim, within twelve months after the same shall become due and payable. He should aver, that demand was made within the time, and his proceedings to collect should be, on their face, within the time limited. So, also, the act authorizes the proceedings to be had against the steamboat, or other water craft, in the county only, where she may at the time lie, having arrived at the landing, port, or place of destination, to which she has been freighted; all of which ought to be proven to the court, and, therefore, suitably averred. Whilst, therefore, we hold, that the party did swear to all the act requires to be sworn to, yet, in our judgment, the affidavit does not bring the plaintiff's case within the provisions of the act of 1841, and is, therefore, insufficient. Accordingly, the first ground of error is overruled.

The second assignment of error goes upon the ground that the defendant was too late with his motion to quash, because the act points out the mode in which he shall make his defence, and to that mode he is confined. The act declares that the " owner or other person, having control of any steamboat or other water craft, against which any proceedings may be had, under the foregoing provisions of this act, and who may be desirous of contesting said claim or demand, on the ground that the same or some part thereof is not due and owing, he, she, or they, shall file his, her, or their affidavit, denying that the whole, or some part thereof, was due at the time the applicant filed his affidavit," &c. The statute proceeds to require what is admitted to be due to be paid, where only a part is denied to be due; and upon good security being given for the eventual condemnation money and costs, the property levied upon is to be delivered up; the papers are to be returned to the next court in the county, to which the execution is returnable, when an issue is to be made up and tried by a jury. This is the *mode* of defence to which it is contended the defendant is confined. The argument is, that inasmuch as the statute provides one mode of defence, no others are allowed. That is true, so

far as the contest about the amount due is concerned. The defendant can contest the amount due upon no other plan but that provided in the act. He is concluded as to that by the Legislature : if, at the proper time, and in the manner designated, he fails to contest the amount due, he cannot afterwards, or in any other manner, be heard as to that matter. But the motion to quash, which gave rise to this writ of error, does not contest the amount due ; it is in the nature of a motion to arrest the judgment, because, from the plaintiff's pleadings, it does not appear that he has any cause of action against the defendant. It cannot be contended that, because the defendant in any action is entitled to defence upon the merits, he is, therefore, precluded from any right to move in arrest. We think that, notwithstanding the defence given in the statute, the right to quash the execution, upon any other legal grounds, remains to the defendant.

We therefore affirm the judgment of the court below, upon both assignments.