WILLIAM R. PHILLIPS, plaintiff in error, vs. THOMAS C. HYDE, defendant in error.

(BY TWO JUDGES.)—1. Where an attempt is made to foreclose a lien upon a steam saw-mill, under the Act of October, 6, 1868, it must affirmatively appear in the affidavit that the prosecution of the lien is within one year from the time the debt becomes due; it is not sufficient, where the debt is liquidated by promissory notes, to show that the notes have fallen due within the year.

2. Where such defect appears on the face of the proceedings, and the *fi. fa.* has issued, and been levied on the mill, and a claim interposed, the claimant, on the trial of the claim case, may take advantage of such defect, by objection to the affidavit, judgment and *fi. fa.*, when offered in evidence.

3. Where the affidavit fails to state the time the debt fell due, and plaintiff in *fi. fa.* is offered as a witness to prove that the consideration of the notes sued on was work and labor done on the mill, it is competen

for claimant to ask him at what time he performed the work, as preliminary to proving that the debt had been due for more than a year. 12th March, 1872.

Lien. Pleading. Claim. Practice. Before Judge HOPKINS. DeKalb Superior Court. March Term, 1871.

On the 11th of May, 1870, Hyde made an affidavit before the Deputy Ordinary of said county, "that Robert J. Wall is the owner of a steam saw-mill, situated in the county aforesaid; that the said Robert J. Wall is due deponent $87.70, besides interest on two promissory notes for work and labor by deponent, done and performed in and about said steam saw-mill, as an employee; that deponent has demanded payment of said Robert J. Wall, and that the said Robert J. Wall has failed and refused to pay the said amount with interest; that said notes became due and payable within the last twelve months. Deponent claims a lien upon said steam saw-mill for the amount and interest aforesaid." A copy of the two notes was attached to the affidavit. They were dated the 25th of March and 20th of April, respectively. Thereupon, on said 11th of May, 1870, a judgment was entered for said sum and interest against Wall, to be made out of said property; and a *fi. fa.* was issued thereupon, accordingly, which, on the 14th of said month, was levied upon said property. Phillips claimed said property.

When the claim was tried, Hyde read in evidence said affidavit, judgment, *fi. fa.* and levy, over the objection of Phillips' counsel. The ground of objection does not appear by the record. Hyde then testified, in his own behalf, that Wall was in possession of said property, when he performed said services, when the *fi. fa.* was issued, and when it was levied. Phillips' counsel asked him when the services were performed, the character of them, and when the services ended, but the Court would not allow these questions answered. The cause being closed, the Court charged the

jury, among other things immaterial, that, if Wall was in possession of the property when the service and work was performed, and when the *fi. fa.* issued and was levied, in the absence of other proof, they should find the property subject to the *fi. fa.* The jury found the property subject thereto.

Phillips' counsel moved for a new trial, upon the grounds that the Court erred in allowing said papers to be read as evidence, in refusing to allow Hyde to answer said questions, and in chargingas aforesaid ; and because the verdict was contrary to law and the evidence. A new trial was refused, and error was assigned upon each of said grounds.

HILL & CANDLER, for plaintiff in error.

L. J. WINN, for defendant.

MONTGOMERY, Judge.

The facts as stated by the Reporter, and the judgment as pronounced from the Bench, make it unnecessary to do more here than repeat what was there said. (See head-notes.)

Judgment reversed.