WILLIAM S. WALKER, plaintiff in error, *vs.* O. P. BURT *et al.*, defendants in error.

1. The lien on saw-mills under section 1985 of the Code, must be prosecuted within one year after the debt becomes due, and if the first proceeding to foreclose, made within twelve months, be defective and is dismissed, it cannot be renewed within six months thereafter, under section 2932, so as to save it, unless the renewal be also within one year after the debt falls due. Section 2932 of the Code applies only to ordinary suits and remedies, and not to extraordinary summary remedies like the foreclosure of such lien.

2. Even if properly foreclosed, the lien made by a person in possession, who was neither the true owner, nor his agent, nor his lessee, would not be good against the true owner; and when the facts show that the mill had been sold by agreement, after bill in equity filed by the true owner to enjoin the enforcement of the lien, and the money raised was to stand in the place of the mill itself, and to be distributed according to the equities of the several parties, and that the person in possession of the mill, and who had given the lien, took possession with the understanding that he was to have no title until he had paid for it, the true owner of the mill would take the money in preference to the holder of the lien.

Liens. Statute of limitations. Before Judge HANSELL. Berrien Superior Court. March Term, 1876.

Reported in the opinion.

D. H. POPE, for plaintiff in error.

IRA E. SMITH; ORR & LEWIS, for defendants.

JACKSON, Judge.

Two questions are made by the record in this case. First, does section 2932 of the Code, which authorizes suits to be renewed within six months after their dismissal, apply to summary proceedings to foreclose liens upon saw-mills? and, second, will the title of the true owner of such saw-mill prevail over a lien upon it made by one who contracted for it but took no title until it was was paid for, it not being paid for?

The foreclosed lien was levied upon the mill; the owner brought bill in equity to enjoin the sale; by agreement of all

parties the mill was sold, the proceeds in the hands of the sheriff to stand precisely in the place of the mill and be distributed equitably according to the respective rights of the parties. The lien was created by a party who had contracted for the mill but had not paid for it, and was to take no title until it was paid for, taking only bond for titles when the purchase money was paid. On the trial of the rule, Walker, who held the lien, dismissed his first proceeding to foreclose it on account of some defect therein, and foreclosed again. The first was in time—within one year from the time the debt became due; the last was not within the one year, but within six months of the first.

1. In respect to the first question, we think that the act in relation to the renewal of suits dismissed does not apply to these summary proceedings to foreclose liens. These acts, creating these liens and providing for their immediate and rapid enforcement, are in derogation of common right and must be strictly construed: 1 *Kelly*, 317; 54 *Georgia Reports*, 137. The statute declares they must be prosecuted within one year; if we should apply the renewal act, Code, section 2932, to them, the time would be extended to eighteen months. That act was in existence when these summary remedies were passed in aid of these liens and no reference is made to it. It is said that this court applied the provision in renewal of suits to *certioraries.* That is true, but the writ of *certiorari* is an old common law writ, in existence long before the renewal act was passed and clearly within its provisions.

2. In regard to the second point, we think that as a general and safe rule, no man can give a lien on that which he does not own, unless he be agent for the owner. The statute, Code, section 1991, contemplates that he must be owner, agent or lessee; if lessee he could only give the lien to bind the property for the lease—the extent of the lease—no further. This is ruled distinctly in 11 *Georgia Reports*, 45. But Walker is not lessee, nor is he owner, nor is he agent of the owner; he is merely a conditional purchaser, and the condition on which title was to vest in him was not fulfilled. He has not paid

the purchase money, so that the question is, can such a one create a lien on property he has not paid for, to the overthrow of the title of the owner? If the question had not been ruled, we should think it would be strange law to hold that he could, but it has been virtually settled in 23 *Georgia Reports*, 205, and 29 *Ibid.*, 408. We do not think the question is at all altered by the fact that the lien is on the property, the mill; the true question is, who put that lien on the mill? Did he have authority to do so? If not, of course the lien cannot stand.

Let the judgment be affirmed.