PARMELEE *vs.* THE SAVANNAH, FLORIDA AND WESTERN RAIL-
WAY, and WESLOW *vs.* the same.

Where an action was brought against a railroad company to recover
money paid for freight over and above the sum allowed by
the railroad commission of this State, under §719(j) of the code,
the declaration could not be amended by adding a count under the
common law. This would be to add a new cause of action by
amendment.

(*a*) Under §719(j) of the code, it is a condition precedent to the bring-
ing of a suit for the recovery of amounts paid for freight to a rail-
road company in excess of the sum allowed by the railroad com-
mission, that the suit should be brought within twelve months
from the time the right of action accrues. The right of renewal
within six months after the dismissal of one suit, though more than
twelve months from the time the right of action accrues, does not
exist under this statute. Where the declaration showed the lapse
of more than twelve months before the bringing of the suit, it was
demurrable.

February 26, 1887.

Railroads. Damages. Amendment. Statute of Lim-
itations. Before Judge BOWER. Dougherty Superior
Court. April Term, 1886.

Reported in the decision.

W. E. SMITH; D. A. VASON, for plaintiffs in error.

CHISHOLM & ERWIN; R. HOBBS, for defendant.

BLANDFORD, Justice.

This was an action by the plaintiff against the defendant
to recover the excess of money paid for freight, over and
above the sum allowed by the railroad commission of this
State, under section 719(j) of the code. The plaintiff
proposed to amend the declaration by adding thereto a
count under the common law. This was objected to. The
court sustained the objection and disallowed the amend-
ment, and this is the first error assigned. Thereupon the
defendant demurred to the plaintiff's declaration, upon the

ground that as it appeared the same was not brought within twelve months from the time the right of action accrued, no such action could be maintained thereafter. The court sustained this demurrer and dismissed the original action ; and this also is excepted to.

We are of the opinion that the amendment sought to be made in this case was a different cause of action from that set forth in the original declaration, because by the act of 1878 (code, §719(j)), it is provided : If any railroad company, doing business in this State, shall, in violation of any rule or regulation provided by the commissioners aforesaid, inflict any wrong or injury on any person, such person shall have a right of action and recovery for such wrong or injury, in the county where the same was done, in any court having jurisdiction thereof, . . . . provided that all suits under this article shall be brought within twelve months after the commission of the alleged wrong or injury.    The proviso to this act is a condition precedent upon which the suit must be brought; the right of action is given provided the same is brought within twelve months from the time the same accrued. If the same be not brought within twelve months, then there is no right of action under this statute, and where a case. has been brought within twelve months, and dismissed, and another case brought, but not within twelve months from the time the right of action accrued, no such right exists ; and the statute which provides for the bringing of actions after the dismissal of the same within six months, does not apply in a case like this. The establishment of freight rates by the railroad commission is a rule or regulation within the meaning of the act.

Se we are of the opinion that the demurrer was properly sustained, and that the court was right in dismissing the action.    And what has been said applies equally to the case of *Weslow vs. Savannah, Florida and Western Railway Co.*, these two cases, by agreement, being argued and submitted together; and judgment in both cases is affirmed.