## CHAMLEE LUMBER COMPANY *v.* CRICHTON.

An essential element in the creation of the lien of a materialman is his foreclosure of the same within twelve months from the maturity of his claim. If he forecloses within twelve months and dismisses his action, it can not be renewed within six months thereafter, under the Civil Code (1910), § 4381, unless the renewal be also within twelve months of the maturity of the claim. That code section applies to ordinary suits and remedies, and not to suits to foreclose a materialman's lien on real estate.

JUNE 14, 1911.

Foreclosure of lien.   Before Judge Pendleton.   Fulton superior court.   June 6, 1910.

*George Gordon,* for plaintiff.

*John L. Hopkins & Sons,* for defendant.

Evans, P. J. A materialman furnishing material for the improvement of real estate is given a lien upon the real estate so improved, but, in the language of the statute, "to make good [the materialman's lien] it must be created and declared in accordance with the following provisions, and on failure of either the lien shall cease." The provisions referred to comprehend three vital and essential things,—the completion of the contract to furnish material, the record of the claim of lien within three months, and the institution of a suit of foreclosure within twelve months from the maturity of his claim. Civil Code (1895), § 2804. In transferring this section to the Civil Code of 1910 (§ 3353) certain errors occurred; paragraph 3 was entirely omitted, and paragraph 4 was erroneously numbered 3. The materialman in this case began his suit within twelve months of the maturity of his claim of lien, but voluntarily dismissed it. He renewed his action within six months of the dismissal of his former action but after the expiration of twelve months from the maturity of his claim. The primary question is, whether the renewed action stands on the same footing as the original action, so as to bring it within the statutory requirement that the foreclosure of the lien be commenced within twelve months of the maturity of the claim. Civil Code (1910), § 4381, is as follows: "If a plaintiff shall be nonsuited, or shall discontinue or dismiss his case, and shall recommence within six months, such renewed case shall stand upon the same footing, as to limitation, with the original case; but this privilege of dismissal and renewal shall be exercised only once under this clause." This code section appertains to the remedy, and not to the cause of action. It is applicable to those cases where the defendant may plead the statute of limitations (by demurrer or by special plea) at his pleasure, and where the element of time does not enter into the creation of the cause of action. This court has repeatedly held that statutory liens of this character are in derogation of common law, and that the statute must be strictly construed. Indeed it has been held that the mere fact that a materialman's claim of lien was filed for record before the expiration of three months would not suffice to meet the statutory requirement of record within that time. *Jones* v. *Kern*, 101 *Ga.* 309 (28 S. E. 850). In giving to the materialman a lien, the statute expressly states that in order to "make good" his lien he must both record and foreclose within the statu-

tory periods. The record of the lien in time is no more essential to its creation than its foreclosure in time. The lien comes into potential existence only when the statute is satisfied. Its vitality as an enforceable lien depends upon the concurrence in fact of three things, viz., the furnishing of the materials, the record of the claim of lien within three months, and the institution of foreclosure suit in twelve months; if there is a failure in either, the lien is inoperative. *Cherry* v. *N. & S. R.*, 65 *Ga.* 633. In *Parmalee* v. *S. F. & W. Ry. Co.*, 78 *Ga.* 239 (2 S. E. 686), the action was against a railway company to recover money paid for freight in excess of the sum allowed by the railroad commission, under § 719 (j) of the Code of 1882 (see § 2640 of Civil Code of 1910). That section gave a right of action provided suit was brought thereunder within twelve months after the accrual of the right. The court, in holding that Civil Code (1910), § 4381, permitting the renewal within six months of dismissed or discontinued actions, did not apply to suits under that code section, said: "The proviso to this act is a condition precedent upon which the suit must be brought; the right of action is given provided the same is brought within twelve months from the time the same accrued. If the same be not brought within twelve months, then there is no right of action under this statute; and where a case has been brought within twelve months, and dismissed, and another case brought, but not within twelve months from the time the right of action accrued, no such right exists; and the statute which provides for the bringing of actions after the dismissal of the same within six months does not apply in a case like this." And in *Walker* v. *Burt*, 57 *Ga.* 20, it was held that a dismissed foreclosure of a sawmill lien could not be renewed under the statute where the renewed suit was brought after the expiration of twelve months, and that the renewal statute applied only to ordinary suits and remedies. Adhering to the rule of strict construction, we interpret the statute to mean, that, in creating the lien, the statute demanded as one of its constituent elements that suit to foreclose be begun within twelve months from the maturity of the claim; and this requirement appertains not merely to the remedy, but constitutes one of the essential things which enter into the creation of the lien. Given this construction, Civil Code (1910), § 4381, as to renewal of dismissed actions, has no application to suits to foreclose the lien of materialmen.

There are other questions made by the demurrer; but as the point upon which we have ruled is decisive of the plaintiff's right to a lien, it becomes unnecessary to consider them.

*Judgment affirmed. All the Justices concur.*