## 14253.   YOUNG v. LANDERS.

STEPHENS, J.   1. In a suit by a materialman to foreclose against the owner of real estate a lien for material furnished to a contractor upon a contract between the latter and the materialman and used in the improvement of the property, it is essential to show that the plaintiff had completed and performed his contract with the contractor within twelve months prior to the filing of the suit.   Civil Code (1910), § 3353 (2 a).

2. A bill or written statement of the account, made extrajudicially by the plaintiff, reciting that the contract was completed upon a specified date (which date was within twelve months of the filing of the suit), without showing that it was ever rendered or made to the defendant, was purely hearsay and a self-serving declaration tending to show the date of the completion of the contract, and the court erred in admitting it over objection by the defendant that it was a self-serving declaration.

3. Where the suit was filed on September 17, 1920, evidence to the effect that the contract was completed "about the middle of September" of the previous year, the exact date not being positively known, is insufficient to establish that the suit was filed within twelve months after the completion of the contract.   This infirmity in the evidence is not cured by the positive statement in a preceding part of the testimony of the same witness that the contract was completed on September 19 of the year previous to the filing of the suit, since the testimony is that of the plaintiff himself and must be construed most strongly against him. *Southern Bank* v. *Goette,* 108 *Ga.* 796 (33 S. E. 974).

4. Where the lien was asserted by recording the same in the office of the clerk of the superior court on December 8, 1919, such evidence is, however, sufficient to establish that the lien was recorded within three months of the completion of the contract.

5. The court having erred in admitting certain testimony as above indicated, and the remaining testimony being insufficient to support the verdict rendered for the plaintiff, which must necessarily be based upon a finding that the suit was filed within twelve months after the completion of the contract, the court erred in not sustaining the defendant's motion for a new trial.

*Judgment reversed.   Jenkins, P. J., and Bell, J., concur.*

DECIDED OCTOBER 11, 1923.

Lien foreclosure; from Fulton superior court—Judge Ellis. December 11, 1922.

*Burress & Dillard,* for plaintiff in error.

*Norman I. Miller,* contra.