ROAD IMPROVEMENT DISTRICT NO. 1 OF CONWAY COUNTY
          *v.* MOBLEY CONSTRUCTION COMPANY.

Opinion delivered June 28, 1926.

1.   HIGHWAYS—RELATION OF DISTRICT TO SUBCONTRACTOR.—Approval by a road improvement district of the contractor subletting a portion of the work did not create a contractual relation between the district and the subcontractor.

2.   CONTRACTS—RIGHTS OF THIRD PERSON.—Where a contract is made between two parties, in order that a third person may sue the promisor for a breach of the contract, the obligation of the promisor to the third person must be one which existed at the time of making of the contract, or one which grew out of the contract itself, and where the benefit to the third person accrued subsequently, as a mere incident, he cannot recover.

3.   HIGHWAYS—LIABILITY OF DISTRICT TO SUBCONTRACTOR.—The fact that a road improvement district consented to subletting of a

portion of the work did not render it liable to the subcontractor, on stopping the work, for profits which the latter might have made by performance of the subcontract.

Appeal from Pulaski Chancery Court; *John E. Martineau,* Chancellor; reversed.

*Strait & Strait,* for appellant.

*Carmichael & Hendricks,* for appellee.

SMITH, J. The Mobley Construction Company, hereinafter referred to as the Mobley company, the plaintiff below, alleged as its cause of action the following facts: Road Improvement District No. 1 of Conway County, hereinafter referred to as the road district, entered into a contract with the P. J. Lewelling Construction Company, hereinafter referred to as the Lewelling company, to build and construct a road in Conway County, Arkansas, according to plans and specifications on file at that time in the office of the engineer of the road district. On March 15, 1920, by and with the consent of the road district, the Lewelling company sublet to the Mobley company certain portions of the work included in the contract between the road district and the Lewelling company. The contract between the Lewelling company and the Mobley company was made an exhibit to the complaint, and it was there provided that that contract should be governed by the contract between the road district and the Lewelling company as to prices, grades and payments.

It was further alleged in the complaint that the road district consented to this action by a resolution adopted by its board of directors on the _____ day of January, 1920, which reads as follows: "On this _____ day of January, 1920, is filed with the board of commissioners of Road Improvement District No. 1 of Conway County, Arkansas, a copy of the agreement between the P. J. Lewelling Construction Company, the contractor for the surfacing of the roads being improved within the district, and the Mobley Construction Company, a subcontractor, in which agreement the subcontractor undertakes to perform certain portions of the work undertaken by the orig-

inal contractor, and the board in open session, after the adoption of a resolution approving the foregoing contract and agreement, by its individual members, hereunto sign this approval in the name of the district and by the members as its commissioners.''

It was alleged that the Mobley company entered upon the performance of the contract and was ready, willing and able to complete it, when the road district ordered the cessation of all work.

The Mobley company sued both the Lewelling company and the road district for damages for the breach of contract. Neither the road district nor the Lewelling company answered, and the Mobley company offered testimony to the effect that it would have earned, had it been allowed to complete the contract, a profit of $73,585.01, the amount for which it sued, and a decree was rendered in its favor for that amount against both the road district and the Lewelling company, and the road district has appealed.

For the affirmance of the decree of the court below it is insisted that the road district was liable because it had adopted and approved the subcontract, and, by the passage of the resolution set out above, the road district approved the contract of the Mobley company with the Lewelling company, and this made the district a party to that contract, and it became a joint contract whereunder any party in interest might sue for damages for its breach.

We do not agree with counsel in this contention. There was no contractual relation between the road district and the Mobley company. The contract between the road district and the Lewelling company was not abrogated, nor was the contract between the two contractors substituted for it. The second or subcontract covered only a part of the work required to be performed by the first contract, and the sum due by the district would have been dependent on the completion of the entire improvement, and not on a portion thereof.

We think the purpose and legal effect of the resolution set out above was that the district consented to a subletting of a portion of the work, and in doing so the district assumed no contractual relation with the subcontractor. So far as the district was concerned, there was only one contract for the construction of the improvement, and not two. The subcontract between the Lewelling company and the Mobley company left the original contract between the road district and the Lewelling company in full force and effect, and the liabilities of the road district for the construction of the completed improvement are determinable by that contract, and by it alone, and the Mobley company was not a party thereto. Had the Mobley company defaulted in the performance of this subcontract, the recourse of the district would have been against the party with whom it had contracted, which was the Lewelling company, and not the plaintiff Mobley company.

It is insisted that the Mobley Construction Company was a party for whose benefit the original construction contract was made, and it had the right therefore to sue for the damages sustained by it. We do not agree with counsel in this contention. In the first place, the contract did not inure to any one's benefit except the P. J. Lewelling Construction Company, which was the only party to it.

The decision of this court in the case of *Dickson* v. *McCoppin,* 121 Ark. 414, is a second answer to this contention. In that case an improvement district had let a construction contract to McCoppin, and Dickinson was employed as engineer by the district. A controversy arose over the compensation due Dickinson, and he sought to avail himself of certain provisions of the contract between the district and McCoppin, but it was held (to quote a head-note) that:

"Where a contract is made between a promisee and a promisor for the benefit of a third party, in order that the third party may sue the promisor for breach of the contract, the obligation of the promisor to the third party

must be one which existed at the time of the making of the contract, or one which grew out of the contract itself; and where the benefit to the third party accrued subsequently, as a mere incident, he cannot recover."

There was no obligation to the Mobley company when the construction contract was made, and such rights as it had itself arose out of the subsequent contract between itself and the Lewelling company, a contract to which, as we have said, the road improvement district was not a party.

We conclude therefore that, in consenting to the subletting of a portion of the work which the Mobley company contracted with the Lewelling company to perform, the district assumed no contractual relation with the Mobley company which rendered it liable to that company for any profits it might have made by the performance of its subcontract.

The judgment against the road district is therefore reversed, and, as no cause of action is stated against it, the cause against the road district is dismissed.