## KWILECKI *et al.* v. YOUNG.

No. 10568. MAY 17, 1935.

*John C. Parker,* for plaintiff.

Russell, Chief Justice. Kwilecki's Inc., a materialman, furnished directly to J. W. Sapp certain building materials, while Sapp was the owner of the real estate upon which such materials were used. The contract was made between Sapp and the materialman, there being no contractor employed by Sapp in making the improvements. The materialman filed a claim of lien upon the property improved, within three months of the completion of the contract, as required by law, and said claim of lien was recorded on November 15, 1930. Sapp sold the property to United Investment Company, the deed being recorded September 13, 1932. On June 14, 1933, United Investment Company sold the property to Mrs. Mellie Young, the deed being recorded July 1, 1933. On June 22, 1933, Kwilecki's Inc., the materialman, sold and assigned the claim of lien to R. M. Kwilecki et al., together with the account for said materials. On June 27, 1933, R. M. Kwilecki et al. filed suit upon account for the materials, and therein set up said claim of lien, and prayed that same be foreclosed and declared a special lien upon said property. Judgment was rendered as prayed, and execution issued against J. W. Sapp and against the property which had been improved. This execution was levied on this property on August 29, 1933, and Mrs. Young filed her claim. By agreement of counsel the case was submitted to the judge, without the intervention of a jury, upon an agreed statement of the facts as set out above. The court rendered judgment in favor of the claimant. Kwilecki et al. excepted to this court assigning error on that judgment.

The only real question presented by this record is whether suit must be brought for the foreclosure of a materialman's lien within twelve months. In the case at bar the claim of lien was filed and recorded within ninety days, as required by law, but suit was not instituted on the demand for more than two years, and not until the owner to whom the material was furnished had sold the property to another person who in turn conveyed it to the claimant in the present case. It is to be noted that the proposed lienor is merely the assignee or transferee of the corporation which originally furnished the material used in improving the realty. It is

declared in the Code of 1933, § 67-2002, that "To make good the liens specified in section 67-2001, they must be created and declared in accordance with the following provisions, and on failure of any of them the lien shall not be effective, viz.: 1. A substantial compliance by the party claiming the lien with his contract for building, repairing, or improving, or for materials or machinery furnished or set up, as set forth in said section. 2. The recording of his claim of lien within three months after the completion of the work [in the form specified]. . . 3. The commencement of an action for the recovery of the amount of his claim within 12 months from the time the same shall become due." As appears from the opinion of this court as delivered by Judge Nisbet in *Robinson* v. *Steamer Lotus,* 1 *Ga.* 317, the present code section originated in an act of the legislature passed in 1841. Hotchiss, 625-6. The court then ruled that "This act is in derogation of the common law, and must be construed strictly. It creates a lien in favor of certain persons under certain circumstances, which overrides all other liens. Before this lien can be allowed, the party must show compliance with all the conditions, and bring himself within all the requirements and limitations of the statute. . . The act gives the lien only to a certain description of persons; he should show that he is one of those contemplated in it. It requires that the plaintiff should make demand, and prosecute the collection of his claim, within twelve months after the same shall become due and payable. He should aver that demand was made within the time, and his proceedings to collect should be, on their face, within the time limited."

The next time when this act seems to have been under consideration was in *Callaway* v. *Freeman,* 29 *Ga.* 408, where the question was raised whether, under the statute providing for a special mechanic's lien upon the property upon which improvement was made, the holder of a bond for title, who was in possession of a house and lot under his contract of purchase, was to be regarded as the owner. This question was answered in the negative, and the ruling was followed in *Walker* v. *Burt,* 57 *Ga.* 20, and *Hardin* v. *Chattanooga Southern R. Co.,* 113 *Ga.* 357, 360 (38 S. E. 839). In *Walker* v. *Burt* Judge Jackson, delivering the opinion of the court, held that the rule embodied in the Code, now Code of 1933, § 3-808, which authorized suit to be renewed within six months

after dismissal, does not apply to summary proceedings to fore-close liens upon sawmills. The court held: "These acts, creating these liens and providing for their immediate and rapid enforcement, are in derogation of common right, and must be strictly construed. . . The statute declares that they must be prosecuted within one year; if we should apply the renewal act . . to them, the time would be extended to eighteen months. That act was in existence when these summary remedies were passed in aid of these liens, and no reference was made to it. It is said that this court applied the provision in renewal of suits to certioraries. That is true, but the writ of certiorari is an old common-law writ, in existence long before the renewal act was passed, and clearly within its provisions." In *Cherry* v. *North & South R.*, 65 *Ga.* 633, 635, the court said: "The contractor's lien for building the trestle or extending the bridge in January, 1874, . . must be regarded and controlled as to its record, foreclosure, and suit thereon, as like unto the other liens created by similar legislation. Its vitality depends upon three several things—the work must be completed, the lien must be recorded, and suit must be brought thereon within twelve months from its record; if the three things do not concur in fact, or there is a failure in either, then the lien is inoperative, even against the defendant." In this case the suit was in fact filed within the twelve months, but there was no service until after the expiration of more than twelve months; and as to this the court said: "In *Ferguson* v. *New Man. Man. Co.*, 51 *Ga.*, this court says that the commencement of a suit implies more than the mere filing. . . Whatever reason may exist for not suing on the lien within twelve months—whatever impediments may prevent suing within the time,—the failure to sue is fatal to the lien. Nothing will release the holder of the lien from commencing a proceeding within the twelve months. If he fails to take legal steps within the time, his lien is nugatory. The demand of the law to move is inexorable."

In *Chamlee Lumber Co.* v. *Crichton*, 136 *Ga.* 391 (71 S. E. 673), Mr. Presiding Justice Evans delivered the opinion of the court, holding that the foreclosure of the lien of a materialman within twelve months from the maturity of his claim was an essential element in the creation of the lien. It was said: "This court has repeatedly held that statutory liens of this character are in

derogation of common law, and that the statute must be strictly construed. Indeed it has been held that the mere fact that a materialman's claim of lien was filed for record before the expiration of three months would not suffice to meet the statutory requirement of record within that time. *Jones* v. *Kern*, 101 *Ga.* 309 (28 S. E. 850). In giving to the materialman a lien, the statute expressly states that in order to 'make good' his lien he must both record and foreclose within the statutory periods. The record of the lien in time is no more essential to its creation than its foreclosure in time. The lien comes into potential existence only when the statute is satisfied. Its vitality as an enforceable lien depends upon the concurrence in fact of three things, viz., the furnishing of the materials, the record of the claim of lien within three months, and the institution of foreclosure suit in twelve months; if there is a failure in either, the lien is inoperative. . . In *Parmalee* v. *S., F. & W. Ry. Co.*, 78 *Ga.* 239 (2 S. E. 686), the action was against a railway company to recover money paid for freight in excess of the sum allowed by the railroad commission, under § 719 (j) of the Code of 1882 (see § 2640 of Civil Code of 1910). That section gave a right of action provided suit was brought thereunder within twelve months after the accrual of the right. The court, in holding that Civil Code (1910) § 4381, permitting the renewal within six months of dismissed or discontinued actions, did not apply to suits under that code section, said: 'The proviso to this act is a condition precedent upon which the suit must be brought; the right of action is given provided the same is brought within twelve months from the time the same accrued. If the same be not brought within twelve months, then there is no right of action under this statute; and where a case has been brought within twelve months, and dismissed, and another case brought, but not within twelve months from the time the right of action accrued, no such right exists; and the statute which provides for the bringing of actions after the dismissal of the same within six months does not apply.' " So we are of the opinion that the court did not err in finding that there was no perfected materialman's lien to which the property upon which the fi. fa. had been levied was subject, and consequently in finding in favor of the claimant. *Judgment affirmed. All the Justices concur.*