### 33191.   CHESHIRE *v.* ENGELHART.

SUTTON, C. J.   J. W. Cheshire filed his petition in the Civil Court of Fulton County against R. D. Engelhart, alleging that the defendant was indebted to the plaintiff in the sum of $425.68 for labor and material furnished for the installation of electrical wiring in the new building known as 5225 Lake Forrest Drive, Atlanta, situated on a described tract of land; that the plaintiff had performed his contract; that there was a balance due in the amount above stated, for which demand had been made by the plaintiff and refused by the defendant; that the plaintiff had recorded his claim of lien on the property within the time provided by law; and he prayed for a general and special judgment. The defendant answered and denied that he had contracted with the plaintiff for the installation of the electrical wiring in the described building; but alleged that his contract for the electrical wiring was included in his contract with Leslie Helton, the general contractor, who built the described house for the defendant, and that he owed the plaintiff nothing in connection with the matter. The case was tried before the judge, without the intervention of a jury, who found in favor of the defendant. The plaintiff's motion for a new trial was overruled and he excepted. *Held:*

1. The evidence was sufficient to authorize the court, sitting without the intervention of a jury, to find that the defendant, R. D. Engelhart, contracted with Leslie Helton to construct the building known as 5225 Lake Forrest Drive for Engelhart for the sum of $12,500, that this included the labor and material for the electrical wiring of said building, and that the defendant made no contract with the plaintiff for the labor and material for said electrical wiring, but that the plaintiff was engaged to do said wiring by Helton, the general contractor.

2. The lien of one who furnishes labor and material upon the employment of a contractor cannot be foreclosed by a direct suit against the owner of the premises without previously or concurrently suing the contractor to whom the labor and material were furnished. *Lombard* v. *The Trustees of the Young Men's Library Assn. Fund,* 73 *Ga.* 322; *Massachusetts Bonding & Ins. Co.* v. *Realty Trust Co.,* 142 *Ga.* 499(5) (83 S. E. 210); *Holmes* v. *Venable,* 27 *Ga. App.* 431(3) (109 S. E. 175).

(*a*) "The reason of the rule is that the landowner should not be called on to pay a debt he did not contract, and for which his property is liable only by force of a statute, until the materialman has established by judgment, in a proceeding to which the contractor is a party, that the contractor owes to him the amount for which he is seeking to as-

sert his lien." *Pike Bros. Lumber Co.* v. *Mitchell,* 132 *Ga.* 675, 676 (64 S. E. 998).

3. The trial judge did not err in overruling the plaintiff's motion for a new trial.

*Judgment affirmed. Felton and Worrill, JJ., concur.*

DECIDED OCTOBER 6, 1950.

*Lucian J. Endicott,* for plaintiff.
*W. Neal Baird, Neely, Marshall & Greene,* for defendant.

