35008. BRYANT *v.* JONES *et al.*

NICHOLS, J. 1. One of the conditions of a mechanic's statutory right to enforce a lien upon real property for the repair or improvement of which he has supplied labor or materials or both is that he must bring suit on his claim against the person with whom the debt was contracted, either the owner or the contractor, as the case may be, within 12 months from the time when the debt became due. Code § 67-2002 (3); *Robinson* v. *Steamer Lotus,* 1 *Ga.* 317; *Cherry* v. *North & South Railroad,* 65 *Ga.* 633; *Lombard* v. *Trustees of the Young Men's Library Assn. Fund,* 73 *Ga.* 322; *Chamlee Lumber Co.* v. *Crichton,* 136 *Ga.* 391 (71 S. E. 673); *Kwilecki* v. *Young,* 180 *Ga.* 602 (180 S. E. 137); *Southern Ry. Co.* v. *Crawford & Slaten Co.,* 46 *Ga. App.* 424 (167 S. E. 756), affirmed, 178 *Ga.* 450 (173 S. E. 91). Suit on the claim, if against a contractor, is not required under certain circumstances, as where the contractor absconds, dies, removes from the State, or is adjudicated a bankrupt. *Chandler* v. *Pennington,* 89 *Ga. App.* 676 (80 S. E. 2d

843); Code, Ann. Supp., § 67-2002 (3) (Ga. L. 1941, p. 345; Ga. L. 1952, p. 292).

2. A debt for work done and materials furnished by a mechanic becomes "due", within the meaning of the lien laws, when the mechanic has completed his performance of the contract (*Young* v. *Landers,* 31 *Ga. App.* 59, 119 S. E. 464), or after the last item of work and materials has been entered on a running account (*Dunning & Tuttle* v. *Stovall,* 30 *Ga.* 444; *McCluskey* v. *Still,* 32 *Ga. App.* 641, 124 S. E. 548); and, unless actual or constructive notice is given of any contractual provisions for an extension of credit to the owner, or for some other time when the debt shall become due, such provisions are ineffective to extend the time within which suit must be brought against the person with whom the debt was contracted, in order to enforce the lien against the property itself in the possession of subsequent purchasers. See *Phillips* v. *Hyde,* 45 *Ga.* 220.

3. In this case, the plaintiff, a plumbing contractor, furnished the last items of labor and material on July 30, 1951, to improve certain real property under a contract with the owner, and filed suit on August 6, 1952, to obtain a general judgment against the person with whom she had contracted and to foreclose her mechanic's lien against the property, which by that time had been sold and conveyed to other parties. Although the plumbing contractor and the owner with whom she contracted agreed that the work would be completed and a loan put through by the middle of August, and that the contractor would assist the owner in obtaining a loan so that the contractor would be paid by August 15, 1951, the debt was nevertheless due within the meaning of the lien laws when the work was completed and the last material furnished; and if there was a binding provision for payment at some other time, as between the parties to the contract, it was not shown that the subsequent purchasers of the property had notice of this provision. The court did not err in sustaining the plea in bar filed by the subsequent purchasers of the property improved, on the ground that the suit (on the claim against the owner) had not been brought within 12 months from the time when the last services were performed by the plaintiff.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*

Decided April 28, 1954—Rehearing denied June 28, 1954.

*Jerome M. Levy, Ben F. Sweet,* for plaintiff in error.
*White, Douglas & Arnold, Hamilton Douglas, Jr.,* contra.