### 39034. THE JORDAN COMPANY et al. v. ADKINS.

CARLISLE, Presiding Judge. 1. One of the conditions precedent to the foreclosure of the liens specified in *Code Ann.* § 67-2001 is that suit must be brought by the laborer or materialman against the person with whom the debt was contracted, either the owner or the contractor, as the case may be, within twelve months from the time the debt became due. *Lombard v. Trustees of Y. M. &c. Fund*, 73 Ga. 322; *Southern Ry. Co. v. Crawford & Slaten Co.*, 46 Ga. App. 424 (1) (167 SE 756); *Bryant v. Jones*, 90 Ga. App. 314(1) (83 SE2d 46); *Code Ann.* § 67-2002(3). The time limit thus specified has reference to the time within which an action must be brought against the person primarily liable to the laborer or materialman and has no reference to the time within which the lien must be enforced. *Chandler v. Pennington*, 89 Ga. App. 676 (2) (80 SE2d 843). If the action against the person primarily liable has not been previously prosecuted it may be pursued concurrently with the lien foreclosure provided such action is brought within twelve months from the date the debt became due. *Pike Bros. Lbr. Co. v. Mitchell*, 132 Ga. 675 (64 SE 998, 26 LRA (NS) 409); *David v. Marbut-Williams Lbr. Co.*, 32 Ga. App. 157, 158 (122 SE 906); *Cheshire v. Engelhart*, 82 Ga. App. 458 (2) (61 SE2d 434).

2. In order to withstand a general demurrer a petition seeking to foreclose the lien of a laborer and materialman created under the provisions of *Code Ann.* § 67-2001 must affirmatively show that all of the conditions precedent set forth in § 67-2002 have been complied with or that the case is within one of the exceptions made by the various amendments to Subsection (3) of that Code section. *Robinson v. Steamer Lotus*, 1

158

Ga. 317; *Cherry v. North & South, R.,* 65 Ga. 633; *Kwilecki v. Young,* 180 Ga. 602, 704 (180 SE 137).

3. The petition in this case alleges a contract between the defendant owner and the defendant contractor for the improvement of realty, the making of a contract by the defendant contractor with a subcontractor and the subsequent making of the contract between the subcontractor and the plaintiff. It is not alleged that the subcontractor with whom the plaintiff contracted has been previously sued or that he is within one of the exceptions made by § 67-2002 (3).

The joinder of the prime contractor as a party defendant is insufficient to satisfy the requirement of previous suit against the one primarily liable, because: "as a general rule, the action on a contract, whether express or implied, or whether by parol or under seal, or of record, shall be brought in the name of the party in whom the legal interest in such contract is vested, and against the party who made it in person or by agent." *Code Ann.* § 3-108. This is but a procedural statement of the rule of substantive law that there must be privity of contract. 17 C. J. S. 1112, Contracts, § 518(a). The petition in this case wholly fails to show any contractual relationship between the plaintiff and the defendant contractor. *Stein Steel & Supply Co. v. Goode Const. Co.,* 83 Ga. App. 821 (65 SE2d 183); Steigleder & Son v. Allen, 113 Va. 686 (75 SE 191). The mere allegation that the defendant contractor accepted the plaintiff as a sub-contractor is not equivalent to alleging ratification of the contract between him and the subcontractor by the defendant contractor. Road Improvement District v. Mobley Const. Co., 171 Ark. 585 (286 SW 878, 48 ALR 456); City of Dallas v. Shortall, 131 Tex. 368 (114 SW2d 536.)

4. It follows that the Judge of the Civil Court of Fulton County erred in overruling the renewed demurrers of the defendants and in refusing to dismiss the action as to both defendants.

*Judgment reversed. Nichols and Eberhardt, JJ., concur.*

DECIDED NOVEMBER 15, 1961—REHEARING DENIED
DECEMBER 18, 1961.

*Spalding, Sibley, Troutman, Meadow & Smith, M. H. Blackshear, Jr.,* for plaintiffs in error.

*Powell, Goldstein, Frazer & Murphy, Frank Love, Jr.,* contra.