50689. LEE et al. v. STOKES.

MARSHALL, Judge.

The question presented by this appeal is whether or not late filing of a lawsuit to enforce a construction lien is a good defense against a bankrupt whose trustee filed the lien suit well after the statutory 12-month period. The appellee is the trustee-in-bankruptcy for Kraft Carpets, Inc., which had furnished material and performed work for the improvement of real estate owned by appellants. The last date on which Kraft Carpets performed work and furnished materials for the appellants was September 7, 1971. Kraft Carpets filed a claim of lien against the real estate on September 29, 1971. On March 27, 1972, Kraft Carpets was adjudicated a bankrupt and the appellee was duly elected trustee. The appellee instituted the present lawsuit on March 6, 1974.

In response to the trustee's lawsuit, the appellants filed an answer, which contained as one of its defenses the trustee's failure to comply with Code § 67-2002 (3), as last amended by Ga. L. 1968, pp. 317, 318, in that the action was not brought within 12 months from the time the last work was performed and materials furnished. The appellee moved to strike those portions of the appellant's answer which responded with that defense and the motion was granted. In addition, because the parties entered a stipulation of fact as to that defense, the trial court treated the motion as one for summary judgment and granted same in favor of the appellee, trustee.

Appellants contend that Code § 67-2002 (3) must be strictly construed; that the 12-month requirement is a condition precedent to the establishment of the lien, and not merely a statute of limitation as to the remedy provided by that Code section; and that Section 11 (e) of the Bankruptcy Act does not apply to the 12-month filing requirement, because that section of the Bankruptcy Act deals only with statutes of limitation.

Section 11 (e) of the Bankruptcy Act (11 USCA § 29 (e)) provides: "A Receiver or trustee may, within two years subsequent to the date of adjudication or within such further period of time as the federal or state law may permit, institute proceedings in behalf of the estate upon any claim against which the period of limitation fixed by federal or state law had not expired at the time of the filing of the petition in bankruptcy."

Appellee, trustee, contends that this section of the Bankruptcy Act has the effect of extending the 12-month filing requirement of Code § 27-2002 (3) and that because the Kraft Carpets was adjudicated a bankrupt within the 12-month period (March 27, 1972), the bringing of the action (on March 6, 1974) was within the two-year period allowed under Section 11 (e) of the Bankruptcy Act and was therefore timely filed. *Held:*

There is no question of the supremacy of federal law (the Bankruptcy Act) over the state law (Code § 27-2002) if the federal law is found to be applicable. Art. XII, Sec. 1, Chap. 2-80, Constitution of Georgia of 1945 (Code Ann. § 2-8001); *Morris Plan Bank of Ga. v. Simmons,* 201 Ga. 157, 164 (39 SE2d 166).

The issue, basically, is whether the 12-month period for filing a lawsuit under Code § 67-2002 is a condition precedent to the formation of a substantive right, or is merely a procedural or remedial limitation on the time in which the lien action must be brought, which may be extended by the juxtaposition of the Federal Bankruptcy Act.

We find no Georgia case wherein this precise issue has been presented. However, appellee refers us to the California case of Robinson v. S & S Development, 256 Cal. App. 2d 13 (63 Cal. Rptr. 663), wherein the question was "whether the 90-day period for commencing

proceedings for enforcement of mechanic's liens provided by section 1198.1 of the Code of Civil Procedure is a statute of limitations affecting the remedy only which may be tolled by the provisions of section 11, subdivision (e), of the federal Bankruptcy Act," or "is a condition precedent to perfecting a substantive right, . . . and hence not affected by the section of the Bankruptcy Act cited." The California court examined the relevant portions of its lien statute as well as California cases which had examined the statute and determined that the statute was a "statute of limitations going to the remedy, rather than a limitation of a substantive right."

The language used in the Georgia lien statute is different from that used in the California lien statute in that it makes the 12-month filing requirement a prerequisite to ". . . *make good* the lien specified in Sections 67-2001." (Emphasis supplied.) Upon failure to file within the 12-month period, our statute states that ". . . the lien shall not be effective." Code § 67-2002. Furthermore, unlike the California authorities cited in the Robinson case, supra, the Georgia appellate courts have consistently declared the three requirements of the lien statute, Code § 67-2001 (including the 12-month filing requirement), to be conditions precedent to the establishment of a lien. See *Kwilecki v. Young,* 180 Ga. 602 (180 SE 137); *Chamblee Lumber Co. v. Crichton,* 136 Ga. 391 (71 SE 673); *Cherry v. North &c. R.,* 65 Ga. 634; *Walker v. Burt,* 57 Ga. 20; *Jordan Co. v. Adkins,* 105 Ga. App. 157 (123 SE2d 731); *Bryant v. Jones,* 90 Ga. App. 314 (1) (83 SE2d 46). See also, *Parmelee v. Savannah, Florida, &c. R.,* 78 Ga. 239 (2 SE 686).

" 'A statute which in itself creates a new liability, gives an action to enforce it unknown to the common law, and fixes the time within which that action may be commenced, is not a statute of limitation. It is a statute of creation, and the commencement of the action within the time it fixes is an indispensable condition of the liability and of the action which it permits.' 34 AmJur 16, par. 7. This is the rule in Georgia." *Gulden v. Berman,* 32 Ga. App. 580, 581-582 (61 SE2d 692).

For these reasons we must conclude that Section 11 (e) of the Bankruptcy Act, which applies only to statutory

periods of limitation and not to conditions precedent to the enforcement of a substantive right granted under a state statute (see e.g. In re Warren, 192 FSupp. 801 (1-4)), was erroneously applied by the trial court to this case.

*Judgment reversed with direction to enter judgment for appellants. Bell, C. J., and Webb, J., concur.*

ARGUED JUNE 2, 1975 — DECIDED SEPTEMBER 3, 1975.

*Kaler, Karesh & Frankel, Ira L. Rachelson, David I. Funk,* for appellants.

*Cotton, Katz & White, J. Christopher Simpson,* for appellee.