LOMBARD vs. THE TRUSTEES OF THE YOUNG MEN'S LIBRARY ASSOCIATION FUND.

Where a material man sought to foreclose a lien on realty on account of lumber furnished by him to a contractor working thereon, this could not be done by a direct suit on the part of the material men against the owner of the realty alone, without suing the contractor to whom the lumber was furnished.

(a.) If a statute be susceptible of two constructions, one consistent with natural equity and justice and the other not, the court should give the former construction to it.

(b.) The necessity for legislation on the method of enforcing such liens suggested.

JACKSON, C. J., dissenting.

January 6, 1885.

Liens. Actions. Construction of Statute. Practice in Supreme Court. Parties. Before Judge EVE. City Court of Richmond County. March Term, 1885.

Reported in the decision.

JAMES P. VERDERY; TWIGGS & VERDERY, for plaintiff in error.

J. S. & W. T. DAVIDSON, for defendant.

BLANDFORD, Justice.

Lombard filed his declaration against defendant in error, alleging that it was indebted to him $251.20 for materials furnished; that, as a material man, he furnished to W. H. Stallings, contractor for the improvement of the real estate of defendant (which real estate is described), certain materials, which are described, of the value of $251.20, which Stallings has refused to pay. It further alleges all the facts necessary to constitute a lien against the property of defendant, and prays a judgment against the property and premises.

This declaration was demurred to, because there was no allegation of a suit to enforce the claim against Stallings, and because the declaration showed no such privity between defendant and Stallings as would authorize a distinct suit against it without any action commenced in twelve months to enforce the claim against Stallings, the real debtor. The court sustained the demurrer and dismissed the action; and this ruling constitutes the error complained of.

If a statute be susceptible of two constructions, one consistent with natural equity and justice and one inconsistent therewith, the court should give it that construction which comports with natural equity and justice. The plaintiff, in this case, is seeking to reach a fund which is due and owing by defendant to Stallings, the contractor, and that too without having made Stallings a party to the proceeding. The debt which the plaintiff seeks to have paid is a debt which Stallings owes him; it would seem that Stallings should have an opportunity to be heard before the debt which defendant owes him shall be taken to pay a debt which plaintiff claims Stallings owes him. To authorize the proceeding instituted by plaintiff would be to allow the property of the citizen to be taken without trial and with no opportunity afforded for defence. Such a course would be contrary to justice and against common right. Under §1980 of the Code, as to how such liens may be created, it is provided, among other things, that "an action must be commenced for the recovery of the amount of his claim within twelve months from the time the same shall become due."

Against whom must this action be brought? Certainly against the person owing the claim,—in this case Stallings, who contracted the debt. Under §1990 of the Code, as to the enforcement of liens on realty, it is provided that the same shall be foreclosed: "1. By a compliance with his contract by the person claiming the lien and recording his claim and a commencement of a suit therefor according to the provisions and requirements of section 1980."

It appears from this section, 1990, the suit to recover the claim must be commenced within twelve months from the time the claim became due; but no time is mentioned within which the lien must be foreclosed. There is great confusion on this subject in the statute, and the same calls for legislative interference, either to repeal the lien laws altogether or pass such enactments as will make the same

clear and explicit. So that we affirm the ruling of the court below in this case.

Judgment affirmed.

HALL, Justice, concurred, but furnished no written opinion.

JACKSON, Chief Justice, dissented, but furnished no written opinion.