## 22393. SOUTHERN RAILWAY CO. *v.* CRAWFORD & SLATEN CO.

MacIntyre, J. 1. Section 3353(2½) of Michie's (1926) Code, prescribing the method of foreclosing the liens specified in § 3352 of the same code, makes mandatory "the commencement of an action for the recovery of the amount of his claim within twelve months from the time the same shall become due;" but the requirement of the statute as to the time within which the "action" shall be commenced relates to the action in personam against the contractor, and not to the subsequent proceeding against the landowner. *Lombard* v. *Trustees &c.,* 73 *Ga.* 322, 324. See also *Buck* v. *Tifton Mfg. Co.,* 4 *Ga. App.* 695, 696 (62 S. E. 107).

2. Therefore, in the case at bar, where the action against the contractor was begun within the time specified in the statute, but the proceeding to establish the lien against the property owner was not brought within such time, the trial judge did not err in overruling the general demurrer to the petition brought against the property owner, said demurrer being that "suit to foreclose this lien was not filed against this defendant within the twelve months allowed by statute."

3. In view of the fact that the special demurrer attacking the petition upon the ground that it does not show the date on which the petitioner furnished the material to the contractor, or the date of the completion of the contract with the contractor, was neither argued nor insisted upon in the brief of counsel for the plaintiff in error, such demurrer will be treated as abandoned and will not be passed upon.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*

Decided January 27, 1933. Rehearing denied February 10, 1933.

*McDaniel, Neely & Marshall, W. O. Wilson,* for plaintiff in error.
*Hendrix & Buchanan, V. J. Adams,* contra.

### ON MOTION FOR REHEARING.

MacIntyre, J. The plaintiff in error, by motion for rehearing, advances as a reason therefor that the court overlooked the case of *Chamlee Lumber Co.* v. *Crichton,* 136 *Ga.* 391 (71 S. E. 673). The court carefully considered that case, which was cited by the plaintiff in error in its original brief. We even went so far as to look at the original record in that case. We ascertained thereby that the Chamlee Lumber Company brought an action against Norris, the contractor, and Crichton, the property owner, in the same suit within twelve months from the time their claim was due (both defendants being residents of the same county), asking a general judgment against the contractor Norris and a special judgment against the real estate, the property of Crichton, declaring and en-

forcing the lien against the property. After twelve months from the time the claim was due, Chamlee Lumber Company dismissed its action, and, within six months from the time of the dismissal, renewed its action against both Norris the contractor and Crichton the real-estate owner. The Supreme Court held, under these alleged facts, that section 4381 of the Code of 1910, would not apply unless the renewal were also within twelve months from the maturity of the claim; that § 4381 applies to ordinary suits and remedies, and not to suits to foreclose materialmen's liens on real estate.

The alleged facts of the case at bar are that the materialman brought his action against the contractor within twelve months, as specified in the statute, and thereafter obtained judgment, and within a month after obtaining the judgment brought proceedings in rem, after the expiration of the 12-months statutory period, to establish the lien against the property owner. In the *Chamlee Lumber Company* case, supra, the · suit against the contractor (which was also against the real-estate owner) having been dismissed, and the twelve months having expired before the second suit was brought against the contractor (which was also against the real-estate owner), the statute could not be complied with so as to create a lien, in that the action in personam must be commenced against the contractor within twelve months from the maturity of the claim. The alleged facts in the two cases are different. In the *Chamlee Lumber Company* case the twelve months period had expired before the action was brought against the contractor. In the case at bar the action against the contractor was brought within the statutory period of twelve months.

*Rehearing denied. Broyles, C. J., and Guerry, J., concur.*