SOUTHERN RAILWAY CO. *v.* CRAWFORD & SLATEN CO.

BELL, J. 1. Where material for the improvement of real estate was furnished, not directly to the owner, but to a contractor, and where the materialman, after complying with his contract and recording his lien as prescribed by law, instituted against the contractor an action for the

recovery of his claim within twelve months from the time the same became due, and recovered a judgment in such suit, it was not essential to the foreclosure of his lien against the real estate that he should also institute a suit against the owner for that purpose within twelve months from the maturity of the claim. *Lombard* v. *Trustees*, 73 *Ga.* 322, 324; *Pike Lumber Co.* v. *Mitchell*, 132 *Ga.* 675 (64 S. E. 998); *Griffin* v. *Gainesville Iron Works*, 144 *Ga.* 840 (88 S. E. 201); *Buck* v. *Tifton Mfg. Co.*, 4 *Ga. App.* 695, 696 (62 S. E. 107). The Court of Appeals, in the decision under review, properly held, that, as applied to the facts of this case, the requirement of the statute as to the time within which the "action" shall be commenced relates to the action in personam against the contractor, and not to the action against the owner of the real estate. *Southern Ry. Co.* v. *Crawford & Slaten Co.*, 46 *Ga. App.* 424 (167 S. E. 756). If this were not true, the right of the materialman to foreclose his lien against the real estate might be wholly defeated, without fault on his part, by such delay in the trial of the action against the contractor as to make it impossible to commence foreclosure proceedings against the owner within twelve months from the time when the claim became due.

2. The present case is distinguished from *Chamlee Lumber Co.* v. *Crichton*, 136 *Ga.* 391 (71 S. E. 673), on the grounds indicated by the Court of Appeals. It also differs on its facts from *Cherry* v. *North & South Railroad*, 65 *Ga.* 634, in which the lien was claimed under a contract made directly with the owner.

3. The decision and judgment of the Court of Appeals were not erroneous as contended in the petition for certiorari.

*Judgment affirmed. All the Justices concur.*

No. 9591. FEBRUARY 16, 1934. REHEARING DENIED MARCH 3, 1934.

*McDaniel, Neely & Marshall* and *W. O. Wilson*, for plaintiff in error. *Hendrix & Buchanan*, contra.