47068. GEORGIA-PACIFIC CORPORATION v. DAN AUSTIN PROPERTIES, INC. et al.

EBERHARDT, Presiding Judge. Ron-Fra Development Corporation contracted with Dan Austin Properties, Inc., Glen Cove, Inc., and Glen Pines, Inc., to construct an apartment complex on property owned by Dan Austin Properties, leased by it to Glen Cove and Glen Pines. Ron-Fra ordered from J & J Building Supply, Inc., construction materials to be used in the construction project, and J & J, in turn, arranged with Georgia-Pacific Corporation to furnish to it the plywoods, certain lumber and gypsum sheeting, siding and paneling to be supplied to Ron-Fra.

J & J became insolvent and was adjudged a bankrupt. A substantial portion of its indebtedness was owing to Georgia-Pacific for the materials. Georgia-Pacific Corporation then timely filed a claim of lien and sought to foreclose it against Dan Austin, Glen Cove, Glen Pines and Ron-Fra and the property upon which the improvements were made, contending that it was a "supplier of materials" for improvement of the realty and was entitled to the lien under *Code Ann.* § 67-2001.

Defendants' motions to dismiss the complaint of Georgia-Pacific on the ground that it did not state a claim upon which relief could be granted were sustained, and Georgia-Pacific appeals. *Held:*

The sole question for decision here is whether the supplier of a supplier of materials to be used in the improvement of realty is entitled to a claim of lien therefor under *Code Ann.* § 67-2001.

The statute, being in derogation of the common law, must be strictly construed. One claiming a lien must clearly bring himself within its terms. *D. H. Overmyer Ware-*

*house Co. v. W. C. Caye & Co.,* 116 Ga. App. 128, 129 (157 SE2d 68), and citations; *White v. Aiken,* 197 Ga. 29, 33 (28 SE2d 263).

The statute is not to be extended beyond its strict terms. It is our view that § 67-2001 provides a lien only to materialmen who may have supplied the materials directly to the owner of the realty, or to a contractor or a subcontractor engaged in making the improvement. If it had been intended to extend to the supplier of a supplier of materials the General Assembly should have spelled this out in the statute, for we must construe it against the extending of liens unless the statute does clearly and plainly provide them. The construction now urged by Georgia-Pacific would simply mean that a manufacturer, selling to a wholesaler, who in turn sells to a retailer, and who in turn sells to a contractor or subcontractor, might assert a lien if payment were not made all the way back up the line for the materials. That we do not conceive to be the legislative intent.

The claim of Georgia-Pacific that it occupied the position of the subcontractor because it cut the plywoods, lumber, etc. in dimensions ordered by J & J for use on the construction project is without merit. It held no subcontract under the contractor, and a strict construction of the statute would seem to limit its provisions to that, even if it be said that it did have a contract with J & J for supplying the materials to it, and thus through it to Ron-Fra. It was still a supplier only to J & J.

It is urged that this matter has been decided contrawise in Jordan Co. v. Bethlehem Steel Corp., 309 FSupp. 148. It is true that the District Judge in that case asserted that "It is not true that Georgia law gives no lien to a supplier of materials to another supplier." P. 151. However, that issue was not available in the case. Bethlehem Steel provided steel for fabrication to Southern Steel, which, in turn, supplied it to the Jordan Company, the contractor, but, relying upon a joint check arrangement between the parties, refrained from filing a claim

for lien until long after the statutory period had expired. The case was decided on equitable, rather than legal principles, the judge observing that "[t]he facts in this case are less comfortable in the gloves of the law than in the greatcoat of equity." The matter was in the bankruptcy court, where certain agreements made between the parties were enforced. It was not a lien foreclosure case wherein the provisions of *Code Ann.* § 67-2001 were applied.

In any event, we do not agree that a supplier to a supplier of materials is entitled to claim a lien under the statute. Only a liberal, rather than a strict, construction could reach that result. Indeed, as we see it, we should be engaging in judicial legislation to so construe it.

Compare *Clifford F. MacEvoy Co. v. United States*, 322 U. S. 102 (64 SC 890, 88 LE 1163), where it was held that a supplier of a supplier did not come within the protection afforded under the Miller Act, and thus had no recourse against the payment bond posted by the prime contractor, and *Home Indem. Co. v. Battey Machinery Co.*, 109 Ga. App. 322 (136 SE2d 193), where, because of a differing provision in our statute, we held that a supplier of a supplier may have recourse against the prime contractor's bond. This underlines our position that if the supplier of a supplier of materials is to have a lien under our lien statute some provision therefor must be found in the statute, and we do not find it.

*Judgment affirmed. Deen and Clark, JJ., concur.*

ARGUED APRIL 5, 1972—DECIDED APRIL 19, 1972—REHEARING DENIED MAY 3, 1972—

*Smith, Currie & Hancock, Glower W. Jones, Philip L. Fortune,* for appellant.

*Rose & Stern, George S. Stern, Alan Cohn,* for appellees.

*Hicks, Eubanks & Scroggins, Frank W. Scroggins, Robert E. Brizendine,* amicus curiae.