## 51028. WHITLEY CONSTRUCTION COMPANY v. CARLYLE REAL ESTATE LIMITED-72 PARTNERSHIP et al.

MARSHALL, Judge.

This is an appeal from the order of the trial court dismissing the complaint of appellant Whitley Construction Company, plaintiff below, because the complaint was not filed within the time allowed by statute.

Appellee, the owner of certain real estate, contracted with a prime contractor, the Ervin Company, to make improvements on the real estate owned by Carlyle. Part of those improvements included the installation of standard and roll edge curb and drains in the area of buildings upon the property.

The Ervin Company called upon a subcontractor, the Climax Construction Company, to perform the curb and drain installation. This work was performed in accordance with the contract specifications and there is no dispute that the work was accepted and payment was made by Carlyle through the Ervin Company to Climax Construction Company.

Climax Construction Company, through its sole owner and agent, Leverette, contracted with appellant, d/b/a Whitley Concrete Company, to furnish the concrete necessary for the curbs and drain work. Between November 11, 1972, and December 4, 1972, appellant furnished to the subcontractor Climax Construction Company concrete valued at $2,345.98, which is the basis of this suit to foreclose a materialman's lien.

Within the three-month period required by Ga. L.

1874, p. 45; 1952, pp. 291, 292; 1953, pp. 582, 584; 1956, pp. 185, 188; 1956, pp. 562, 566; 1967, p. 45 (Code Ann. § 67-2002(2)), appellant filed its materialman's lien against the real estate on March 2, 1973. When Climax Construction Company failed to pay for the concrete, appellant brought timely suit against Climax on November 29, 1973. While the suit was pending, Climax filed for voluntary bankruptcy on September 24, 1974, and appellant's suit against Climax was enjoined. Appellant then instituted the present suit against the landowner, Carlyle, on October 31, 1974, to foreclose its materialman's lien on Carlyle's property.

In its defense, Carlyle maintains that Ga. L. 1873, p. 44; 1941, p. 345; 1952, pp. 291, 292; 1953, pp. 582, 586; 1956, pp. 185, 189; 1956, pp. 562, 568; 1960, pp. 103, 104; 1968, pp. 317, 318 (Code Ann. § 67-2002(3)) requires the lienholder to file its suit within 12 months from the date the indebtedness became due (December 4, 1972, in this case) and that the requirement for filing a suit against a contractor within 12 months has no application to the same 12-month limitation applicable to a separate or concurrent suit filed against the landowner. Appellant has countered that the Code section involved, § 67-2002(3), supra, requires only that "an action" be filed within 12 months to enforce its claim. Appellant's contention is that its timely suit against Climax Construction satisfied the statute, therefore its subsequent suit against Carlyle following Climax's adjudication as a bankrupt was timely. The trial court's disagreement with appellant's contention has resulted in this appeal. *Held:*

Presented for consideration by this court is the interpretation of Code Ann. § 67-2002(3). While counsel for both parties have presented numerous cases in support of their respective arguments, there appear to be no cases interpreting the amendments to this Code section which occurred in 1968 (Ga. L. 1968, pp. 317, 318).

Georgia Laws of 1968, at pages 317, 318, amended the second paragraph of subsection 3 of Code Ann. § 67-2002, by providing that a suit to enforce any lien directly against the property improved shall be brought within 12 months from the time the material and supplies

were furnished and that in certain instances the materialman is relieved of the necessity of filing suit as a prerequisite to enforcing the lien. The question is whether after 1968 the 12-month limitation applies to a suit against the landowner as well as the contractor or was merely a continuation of the pre-1968 12-month requirement as to the contractor. See *Chandler v. Pennington,* 89 Ga. App. 676 (2) (3) (80 SE2d 843).

The pertinent change in 1968 to Code § 67-2002 (3) added the following emphasized language "[the creditor materialman] may . . . enforce said lien directly against the property so improved, in an action against the owner thereof, *if filed within 12 months from the time the same shall become due . . . "* (Emphasis supplied.) Notwithstanding the juxtaposition of the filing requirement with the reference to the owner appellant contends that the meaning continues to be that the materialman must file *"an* action" within 12 months.

Materialman liens are in derogation of any rights conferred by the common law, and such laws are to be strictly construed against the creditor and liberally in favor of the debtor. *Green v. Farrar Lumber Co.,* 119 Ga. 30, 32-34 (46 SE 62). The reason for such strict construction is manifest. "The bankruptcy of the contractor occasions the loss, and it would be inequitable to shift the loss from the materialman to the landowner simply because the materialman has lost his remedy at law by the contractor's bankruptcy." *Pike Bros. Lumber Co. v. Mitchell,* 132 Ga. 675, 676-677 (64 SE 998).

Examining the 1968 amendment to Code Ann. § 67-2002 (3) in the light of these principles, we believe the placement of the language in 1968 amendment providing that the person furnishing the material may enforce his lien directly against the property improved, in an action against the owner, *if filed within 12 months from the time the same shall become due,* indicates that the General Assembly intended to impose the 12-month time limit upon actions against the landowner. This conclusion is reenforced by the retention in the statute of the specific reference to the 12-month time limit in bringing suit against the contractor except in the specified excusals. The necessity for obtaining judgment against the

contractor prior to foreclosing a lien against the real estate remains as a positive requirement in the absence of the statutory exceptions. "No lien can be foreclosed against the owner of realty for materials furnished to improve it until judgment has been obtained against the contractor to whom the materials were sold, absent any excusing circumstances provided in Code Ann. § 67-2002." *D. H. Overmyer &c. Co. v. W. C. Caye & Co.,* 116 Ga. App. 128 (1b) (157 SE2d 68); *Mauck v. Rosser,* 126 Ga. 268, 274 (55 SE 32); *Atkinson v. Wingate Plumbing Co.,* 20 Ga. App. 480, 481 (93 SE 122). This conclusion we believe to be consistent with the underlying principle that in construing lien laws, the laws are to be strictly construed against the creditor and liberally in favor of the debtor. *Green v. Farrar Lumber Co.,* supra.

We are satisfied, therefore, the trial court did not err in dismissing appellant's complaint where that complaint was filed against the owner almost two years after the time the services and supplies were last used to improve appellee's real estate.

*Judgment affirmed. Bell, C. J., and Webb, J., concur.*

ARGUED SEPTEMBER 16, 1975 — DECIDED
DECEMBER 2, 1975 —REHEARING DENIED
DECEMBER 19, 1975.

*Zachary & Seagraves, W. E. Zachary, Sr.,* for appellant.

*Cofer, Beauchamp & Hawes, James H. Rollins, John W. Greenfield, William L. Bost, Jr.,* for appellees.