## 51651. ASSOCIATED DISTRIBUTORS, INC. v. DE LA TORRE et al.

MARSHALL, Judge.

This appeal is from a directed verdict in favor of the appellee landowners and against the appellant materialman who brought this action to establish a materialman's lien on the landowner's property.

The facts show that the landowners, Mr. and Mrs. De La Torre, contracted with Rae Con, Inc., to build a house on land owned by the De La Torres. Appellant, Associated Distributors, supplied materials to Rae Con for construction of the house and there is no dispute that Rae Con paid for these supplies in full. However, appellant

also furnished supplies to B & E Enterprises for use in construction of the house. B & E shared office space with Rae Con but the facts clearly show they were not one and the same business. Rae Con used B & E to furnish additional manpower and supplies on the project. Most of the supplies furnished by appellant to B & E were billed to B & E which in turn was reimbursed by Rae Con.

B & E Enterprises failed to pay appellant for this portion of the supplies, and appellant obtained a judgment against B & E in the principal amount of $6,534.99. Some 17 months after the final delivery of supplies to the De La Torre site, appellant brought this suit to establish its materialman's lien for the above amount against the De La Torre property. Because the judgment against B & E included some supplies not used in the De La Torre construction, appellant amended its initial complaint so as to seek a lien for only $4,143.46.

The trial court, upon the conclusion of appellant's case, upon motion, directed a verdict for the De La Torres. This appeal followed. *Held:*

1. Upon these facts, we conclude that appellant failed in several respects to establish a claim in its favor against the landowners, Mr. and Mrs. De La Torre. Contrary to its assertion, there is no credible evidence that appellant was in privity of contract with the De La Torres. Mrs. De La Torre denied any knowledge of the relationship of B & E or appellant in the furnishing of supplies for the construction of her house. She entered into a contract only with Rae Con., Inc. There was testimony that all known supplies furnished to Rae Con by B & E were paid for by Rae Con by check to B & E. All other supplies coming directly to Rae Con from appellant were paid for in full.

"A contract is necessary to fix the liability of the owner and establish a privity between him and the materialman. A stranger may not order work done upon real estate and thus charge the true owner." *Marshall v. Peacock,* 205 Ga. 891, 893 (55 SE2d 354). It hardly can be said that a contract, directly or impliedly, can exist where one of the alleged contracting parties does not even know of the existence of the other alleged contracting party.

Appellant further asserts, however, that property

furnished by it was actually used in the improvement of the real estate and, therefore, a materialman's lien should lie. The law does not support that contention in this factual setting. Under the facts, B & E was not a subcontractor of Rae Con but in fact a supplier only of manpower and supplies to Rae Con. A supplier to a supplier of materials is not entitled to claim a lien under the statute. *Ga.-Pacific Corp. v. Dan Austin Prop., Inc.,* 126 Ga. App. 191, 193 (190 SE2d 131).

We conclude that appellant's rights are derivative from the rights vested in B & E. B & E had no contractual privity with the De La Torres and at best was merely a supplier of a supplier. The trial court did not err in directing a verdict.

2. We note in passing that defendants in their answer to the complaint alleged that this action was barred by the statute of limitation. This position was not pursued any further. Nevertheless, we do observe that though the lien in this case was filed within the 90 days required by statute (Ga. L. 1874, p.45; 1952, pp. 291, 292; 1953, pp. 582, 584; 1956, pp. 185, 188; 1956, pp. 562, 566; 1967, p. 456 (Code Ann. § 67-2002 (2)), the action to enforce that lien against the property owner was not commenced until approximately 17 months after the filing of the lien. A lien may be enforced directly against the property owner only if filed directly against the owner within 12 months from the time the lien shall become due. This action came too late to withstand dismissal. *Whitley Constr. Co. v. Carlyle Real Estate Ltd., 72-Partnership,* 137 Ga. App. 113 (222 SE2d 895).

*Judgment affirmed. Pannell, P. J., and Evans, J., concur.*

ARGUED JANUARY 6, 1976 — DECIDED FEBRUARY 18, 1976 — REHEARING DENIED MARCH 11, 1976 —

*Hatcher, Meyerson, Oxford & Irvin, Henry M. Hatcher, Jr.,* for appellant.

*Henry R. Bauer, Jr.,* for appellees.