54719. ADAIR MORTGAGE COMPANY v. ALLIED CONCRETE ENTERPRISES, INC.

ARGUED OCTOBER 6, 1977 — DECIDED NOVEMBER 22, 1977 — REHEARING DENIED DECEMBER 14, 1977 —

*King & Spalding, A. Felton Jenkins, Jr., G. Lemuel Hewes, H. Lamar Mixson,* for appellant.

*Zachary & Segraves, Wayne F. Carmichael,* for appellee.

DEEN, Presiding Judge.

We are again cast into the thicket caused by Code § 67-2002 (3) and its various amendments. The first clause of this subsection dealing with actions on materialmen's liens comes from § 1975 of the original Code of 1863. The section in its entirety reads as follows: "The following provisions must be complied with to make good the mechanic's lien, and on failure of either, the lien shall cease, viz: 1. A substantial compliance by the mechanic with his contract for building or repairing or materials furnished. 2. The recording of his claim of lien in the

clerk's office of the county where the land lies in substance as follows: 'A. B., a mechanic, claims a lien on the house, and premises on which it is erected, of C. D. (describing the premises) (for building, repairing, or whatever the claim may be)' within three months from the time the same is completed. 3. The commencement of an action for the recovery of the amount of his claim within twelve months from the time the same shall become due."

All of the language of the original Code § 1975 has been retained in our present Code § 67-2002. The remaining language of the latter section is no more than an effort to clarify the types of situations to which this original action is applicable. The section was early amended to specify that the claim of lien be filed within three months. By 1884 the Supreme Court had written in *Lombard v. Trustees of the Young Men's Library Assn. Fund,* 73 Ga. 322, 324, that under Code § 1990 (Code of 1882) "the suit to recover the claim must be commenced within twelve months from the time the claim became due; but no time is mentioned within which the lien must be foreclosed. There is great confusion on this subject in the statute, and the same calls for legislative interference, either to repeal the lien laws altogether or pass such enactments as will make the same clear and explicit." Although the section was amended on various occasions, this facet of the law was not clarified. In 1934 the Supreme Court, in *Southern R. Co. v. Crawford & Slaten Co.,* 178 Ga. 450 (173 SE 378) affirming a decision of this court on certiorari, held: "The Court of Appeals, in the decision under review, properly held, that, as applied to the facts of this case, the requirement of the statute as to the time within which the 'action' shall be commenced relates to the action in personam against the contractor, and not to the action against the owner of the real estate. *Southern R. Co. v. Crawford & Slaten Co.,* 46 Ga. App. 424 (167 SE 756)."[1] The Supreme Court case has not been modified

---

[1] "The alleged facts of the case at bar are that the materialman brought his action against the contractor within twelve months, as specified in the statute, and thereafter obtained judgment, and within a month after obtaining the judgment brought proceedings in rem, after

and continues to be cited on this point. In *Chandler v. Pennington,* 89 Ga. App. 676 (2) (80 SE2d 843) the express ruling was that "it has long been established" that the 12-month period allowed for filing which is a condition precedent to the obtaining of the lien refers to "an action against the contractor and has no reference to the time within which the lien must be enforced."

Again, in *Logan Paving Co. v. Liles Const. Co.,* 141 Ga. App. 81, 83 (232 SE2d 575), this court has, as its last expression of opinion on the subject, again cited *Southern R. Co. v. Crawford & Slaten Co.,* 178 Ga. 450, supra, and stated, after quoting Code § 67-2002 (3): "This language relates to an action against the person creating the debt and not to a subsequent suit to foreclose the lien against the property improved."

To the contrary, however, we have two intermediate suits, *Whitley Const. Co. v. Carlyle &c. Ltd.,* 137 Ga. App. 113, supra, and *Associated Dist. v. De La Torre,* 138 Ga. App. 71 (225 SE2d 462). Both appear to be at odds with the Supreme Court and subsequent Court of Appeals cases in that they hold that a materialman's lien may be enforced directly against the property owner "only if filed directly against the owner within 12 months from the time the lien shall become due." *Associated Dist. v. De La Torre,* 138 Ga. App. 71 (2), supra. The reason for the ruling is given in the *Whitley* case, where the 1968 amendment (Ga. L. 1968, pp. 317, 318) to Code Ann. § 67-2002 (3) is construed and the conclusion reached that "the General Assembly intended to impose the 12-month time limit upon actions against the landowner. This conclusion is reenforced by the retention in the statute of the specific reference to the 12-month time limit in bringing suit against the contractor except in the specified excusals."

This language referred to is that part of the 1968 amendment which provides, in substance, that the materialman is relieved from filing suit or obtaining judgment against the contractor as a prerequisite to enforcing a lien against the owner's property, but may in certain circumstances *enforce his lien directly against the*

the expiration of the 12-months statutory period, to establish the lien against the property owner." Id., p. 425.

*property without first obtaining a judgment against the contractor,* if the lien foreclosure is "filed within 12 months from the time the same shall become due, with the judgment rendered in any such proceeding to be limited to a judgment *in rem* against the property improved and to impose no personal liability upon the owner of said property." The circumstances under which the original suit against the contractor may be bypassed all relate to loss of personal jurisdiction, as where the contractor absconds, dies, removes from the state, or is adjudicated a bankrupt. In such cases the materialman need not *either* file suit *or* obtain judgment against the contractor before proceeding against the owner, but if he follows this route, then the in rem foreclosure proceeding *is substituted for* the in personam action against the contractor, and the same time limit applies. Under this construction, the words of the 1968 amendment above quoted ("if filed within 12 months from the time the same shall become due") simply allow the plaintiff materialman an equal amount of time to commence his in rem proceeding against the property improved as he would have had to file suit against the contractor if he had been compelled to file such suit in the first instance.

Any other construction of the 12-month clause in the 1968 amendment would cause great enforcement difficulty. As noted by George Pindar, Real Property, Mercer L. Rev., Vol. 28, p. 221: "As amended, the act [Ga. L. 1968, p. 317] is said [in the *Whitley* and *De La Torre* cases] to impose a one-year limit on the filing of a suit against an owner even though judgment must first be obtained against the contractor. The ruling may well place a lien-claimant in an almost impossible predicament. If the contractor resides in one county and the landowner in another, lien-claimant cannot file a joint suit; he first must sue the contractor in his own county, and that suit may pend throughout the one-year period or longer. The statute urgently needs revision." While this appears to be the holding in *Whitley* and *De La Torre,* the plain language of the statute (Ga. L. 1968, p. 318), is: "In the event any contractor. . . shall die [etc.] within 12 months from the date of such services . . . so that . . . no final judgment can be obtained . . . the person so

furnishing material [etc.] shall be relieved of the necessity of filing suit . . . and may . . . enforce said lien . . . in an action directly against the owner [of the property improved] if filed within 12 months from the time the same shall become due." It is clear that under the terms of the amendment the 12-month limitation for foreclosing the lien against the owner directly applies only where no judgment need be obtained against the contractor. Thus *Southern R. Co. v. Crawford & Slaten Co.*, 178 Ga. 450, supra, is still the law, as demonstrated by *Logan Paving Co. v. Liles Const. Co.*, 141 Ga. App. 81, supra. Any ruling to the contrary in the *Whitley* and *De La Torre* cases is disapproved.

In the present case the appellee Allied Concrete Enterprises, Inc. furnished material to a subcontractor for materials used on property of Adair Mortgage Company on October 22, 1974. The contractor was paid and it paid the subcontractor, but the latter refused to pay the materialman. The latter brought suit against it within the 12-month period and judgment was obtained on June 14, 1974. On December 6, 1976, this in rem foreclosure proceeding was commenced. We hold that the action was timely, and the trial court correctly entered up judgment for the materialman on its motion for summary judgment.

*Judgment affirmed. Bell, C. J., Webb, Smith, Shulman, Banke and Birdsong, JJ., concur. McMurray, J., concurs specially. Quillian, P. J., not participating.*

McMURRAY, Judge, concurring specially.

I concur fully in the last paragraph of the majority opinion here and in the judgment of affirmance since the contractor was sued and judgment obtained in accordance with law. An in rem proceeding was then commenced against the property more than two years after the judgment was obtained against the contractor. Under the earlier interpretations by the Supreme Court of Code Ann. § 67-2002 prior to the 1968 amendment (Ga. L. 1968, p. 317), this procedure was proper. See such cases as *Southern R. Co. v. Crawford & Slaten Co.*, 178 Ga. 450 (173 SE 378), and others citing this case.

However, I am not perfectly satisfied with the majority interpretation of Code Ann. § 67-2002 as

amended by Ga. L. 1968, p. 317 et seq. Hence, I specially concur.

I agree fully with the statement in the opinion that we have been cast into a legal thicket in regards to the meaning of the amendment in Ga. L. 1968. That Act clearly stated in the amending clause that it was amended *"so as to provide that any lien enforced directly against the property so improved shall be brought within twelve (12) months from the time such material, services, labor or supplies were furnished."* (Emphasis supplied.) Thereafter, it would appear from the body of the Act that the same 12 months required for suit to be filed against the contractor or subcontractor would satisfy the requirements of the law. But in the event the contractor or subcontractor should abscond or die or remove from the state within 12 months from the date the services, labor, supplies or material were furnished so that personal jurisdiction could not be obtained in a suit for said services, labor, material, supplies, or if the contractor or subcontractor had been adjudicated a bankrupt, or, if after filing suit, no final judgment could be obtained against him by reason of his death or adjudication in bankruptcy, then no judgment was necessary against him, and the lien could be enforced *directly* against the property so improved *"in an action against the owner thereof, if filed within 12 months from the time same shall become due."* (Emphasis supplied.) The last language italicized is that which the legislature caused the appellate courts to be put into the legal thicket. However, I note here that in 1977 the General Assembly has since re-written in its entirety Code Ann. § 67-2002 as heretofore amended. See in this connection Ga. L. 1977, pp. 675-679.

This case (sub judice) differs on its facts from those in *Whitley Const. Co. v. Carlyle Real Estate Limited-72 Partnership,* 137 Ga. App. 113 (222 SE2d 895), and *Associated Dist. v. De La Torre,* 138 Ga. App. 71 (225 SE2d 462). I see no need to disapprove and overrule same regardless of whether or not they are incorrect. The *Whitley* case involved a suit first against the materialman after lien had been properly filed against the property and suit timely filed against the contractor. The contractor

voluntarily bankrupted and the plaintiff materialman was enjoined in his suit against the contractor. A new suit was then filed more than 12 months from the time the same shall become due (the delivery of the goods becoming a part of the realty). This suit was dismissed in the trial court and Associate Justice Marshall, while a judge on this court, concurred in by Chief Judge Bell and Judge Webb, affirmed the judgment. This case differs from the case in question, and even though it may be wrong in its interpretation there is no need to overrule it. The case of *Associated Dist. v. De La Torre,* supra, is another case written by Justice Marshall, concurred in by Presiding Judge Pannell and Judge Evans, in which the trial court was affirmed in the direction of a verdict for the defendant owner because of lack of privity of contract between the owner and the contractor ordering the supplies. That division of this court in the opinion also referred to the fact that the plaintiff was attempting to enforce the lien against the property owner by commencing same some 17 months after filing of the lien. However, judgment had previously been obtained in which we assume from the opinion that same was filed within the 12-month period. Again this division of the court may be incorrect in its interpretation of the law, but I do not feel that it is necessarily controlling in this instance since the court had already concluded that there was no privity of contract between the alleged contractor and the owner.

I therefore concur in the judgment only.