## 60722. PORTER COATINGS v. STEIN STEEL & SUPPLY COMPANY et al.

BIRDSONG, Judge.

Porter Coatings (plaintiff-appellant), a division of Porter Paint Co., sued Stein Steel & Supply Co. ("Stein Steel") a purchaser of goods from the plaintiff, and Insurance Company of North America ("INA"), as surety on a bond, for damages in the amount of $5,976.40.

The defendants admitted that the plaintiff supplied paint to Stein Steel beginning on October 24, 1978, and this paint was used by Stein Steel as a steel primer in the construction of a plant by Mohasco Corp. in Dublin, Laurens County, Georgia. A materialmen's lien was filed by the plaintiff. The defendant, Stein Steel, filed a bond to

discharge the lien, and the defendant-appellee, INA was surety on the bond.

Both defendants answered and Stein Steel filed a counterclaim while INA filed a motion for summary judgment. Porter Coatings appeals the grant of the summary judgment. We affirm. *Held:*

1. The appellant contends the court erred in using the deposition of Bert J. Stein, Vice President of the defendant Stein Steel, because it was not filed when the motion for summary judgment was filed. The motion was filed on October 19, 1979; the deposition was taken on January 5, 1980; the hearing was conducted on the motion on March 14, 1980; the deposition was filed on March 21, 1980; and the motion was granted April 2, 1980.

The trial court's order recites he considered "the pleadings, depositions, briefs and arguments of counsel." A deposition need not be introduced in evidence in order to be considered in ruling upon a motion for summary judgment because the Civil Practice Act requires only that it be "on file." Code Ann. § 81A-156 (c). In *Vaughn & Co. v. Saul,* 143 Ga. App. 74, 82 (237 SE2d 622), this court held that where the trial judge recites, as here, that he has considered the depositions, this court will not say that he did not do so. Accord, *General Motors Corp. v. Walker,* 244 Ga. 191, 193 (259 SE2d 449). The trial court did not err in using Mr. Stein's deposition.

2. Georgia law, Code Ann. § 67-2001, provides a lien only to materialmen who have supplied the materials directly to the owner of the realty, or to a contractor or subcontractor engaged in making the improvement. A supplier to a supplier is not entitled to claim a lien under the statute. *Georgia-Pacific Corp. v. Dan Austin Prop.,* 126 Ga. App. 191, 193 (190 SE2d 131); *Associated Dist. v. De la Torre,* 138 Ga. App. 71, 73 (225 SE2d 462). There is no dispute in the evidence. Stein Steel was a supplier of structural steel to the Mohasco Corp. Porter Coatings was a supplier of primer paint which Stein Steel applied to the structural steel prior to delivery to Mohasco Corp. Porter Coatings had no lien. There was no material issue of fact to be determined.

3. The remaining issue concerns waiver of any lien which might have accrued. Each of the purchase orders for primer paint Stein Steel submitted to Porter Coatings contained the following paragraph:

"(15) By acceptance of this Purchase Order, Seller hereby covenants, warrants and agrees not to assert any lien or similar right, claim, notice, interest, action or demand of any nature whatsoever, whether arising under state and/or federal law(s)/statute(s), or by operation of law, or at common law, Seller had, has or may have or acquire in any manner arising from or out of or in connection with this

Purchase Order in, to for or against the property, real estate, owner or otherwise, relating to this Purchase Order or otherwise and Seller further covenants, warrants and agrees, as a condition to obtaining partial or final payment(s), in full or on account, to furnish proof, upon request, satisfactory to Purchaser, that all lien or similar rights or claims have been fully dismissed, cancelled or satisfied."

No construction is required or even permissible when the language employed by the parties in their contract is plain, unambiguous, and capable of only one reasonable interpretation. In such instances, the language used must be afforded its literal meaning and plain ordinary words given their usual significance. *Benefield v. Malone,* 112 Ga. App. 408, 410 (145 SE2d 732); *Helms, Inc. v. GST Dev. Co.,* 135 Ga. App. 845 (219 SE2d 458). The language of these waivers is clear and unambiguous. *Daniel & Daniel v. Cosmopolitan Co.,* 146 Ga. App. 200 (245 SE2d 885).

Even if a lien had accrued (and we hold in Division 2 that none accrued), there exists no question of fact to be resolved and the trial court correctly granted appellee's motion for summary judgment precluding the recovery on the bond filed to discharge the lien.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED JANUARY 29, 1981 —

*Richard T. deMayo,* for appellant.
*Robert D. Marshall, Curtis W. Martin,* for appellees.