67378. TOMBERLIN ASSOCIATES, ARCHITECTS, INC. v.
ATHENS BANK & TRUST.

Banke, Judge.

This case was previously before us in a premature attempt by the plaintiff/appellant to appeal a partial judgment on the pleadings regarding a claim for breach of contract. We dismissed the appeal because an additional claim based on *quantum meruit* remained pending in the trial court, as did a counterclaim filed by the appellee. See *Tomberlin Associates Architects v. Athens Bank & Trust,* 158 Ga. App. 659 (281 SE2d 645) (1981). The trial court has now granted summary judgment to the defendant/appellee on the issue, and appellant again appeals. The additional claim of the appellant and the counterclaim continue to remain pending below.

The appellant brought suit on a contract to collect a fee from the appellee for designing a bank building. Central to the trial court's interpretation of the contract was the following provision: "*Article 14* — It is agreed that the provisions of this agreement are valid only after receipt of approval from the State Department of Banking and Finance and the Federal Deposit Insurance Corporation by the owner to construct the facility indentified as the Project and that the owner's total obligation to the architect shall commence with the receipt of said approvals." It is undisputed that the governmental agencies referred to in this provision have granted no such approval to construct the building. The trial court considered Article 14 to be an unambiguous condition precedent and refused to permit parol evidence to explain it.

The appellant argues that parol evidence should be allowed to show that Article 14 is ambiguous and that a question of material fact remains for jury consideration. The appellant is prepared to show by such evidence that the appellee was granted a charter by the State Department of Banking and Finance and that appellee's application for deposit insurance was approved by the Federal Deposit Insurance Corporation. Further parol evidence, the argument continues, would show that these acts were the approvals intended by the parties in Article 14. The appellant also contends that Article 14 is ambiguous

when read in connection with other parts of the contract. *Held:*

1. "[A] word or phrase is ambiguous only when it is of uncertain meaning, and may be fairly understood in more ways than one." *Dorsey v. Clements,* 202 Ga. 820, 822 (44 SE2d 783) (1947). We find the language of Article 14, when read either in isolation or in conjunction with the contract as a whole, to be clear and unambiguous. Where there is no ambiguity, parol evidence will not be permitted to alter the terms of the agreement. See *Mossie v. Pilgrim Self-Service Storage,* 150 Ga. App. 715 (258 SE2d 548) (1979). "No construction is required or even permissible when the language employed by the parties in their contract is plain, unambiguous, and capable of only one reasonable interpretation. In such instances, the language used must be afforded its literal meaning and plain ordinary words given their usual significance." *Porter Coatings v. Stein Steel &c. Co.,* 157 Ga. App. 260, 262 (277 SE2d 272) (1981).

2. The appellant further contends that the trial court failed to consider the entire record prior to granting summary judgment. This contention is refuted by the clear language of the trial court's order.

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED JANUARY 4, 1984.

*L. Dennis Ballou, James E. McDonald, Jr.,* for appellant.
*James E. Hudson, Kenneth Kalivoda,* for appellee.