76055. TONN & BLANK, INC. et al. v. D. M. ASPHALT, INC.
(370 SE2d 30)

BENHAM, Judge.

Appellant Tonn & Blank, Inc. (Tonn) was the general contractor for a shopping center construction project and appellant Hartford Fire Insurance Company (Hartford) was the surety on two construction bonds supplied by Tonn. Appellee D. M. Asphalt, Inc. (D. M.) filed a materialman's lien against the improved property and its owners, and sued Tonn; Hartford; and Pond & Sand, Inc. (Pond), seeking to recover payment for asphalt D. M. had supplied to D. E. Smith, Inc. (Smith) for paving work performed in the course of the construction. Tonn sought summary judgment on the issue of its liability under the bonds, but the trial court denied its motion. We granted Tonn's motion for interlocutory review.

1. In order to enforce the construction bond, D. M. must establish its rights both to its lien and foreclosure thereof, upon the recorded lien which the bond replaced. *M. Shapiro & Sons v. Yates Constr. Co.*, 140 Ga. App. 675, 678 (231 SE2d 497) (1976). Relying on *Georgia-Pacific Corp. v. Dan Austin Properties*, 126 Ga. App. 191 (190 SE2d 131) (1972), Tonn contends that the trial court erred in denying its motion, arguing that it was undisputed that Smith was a supplier, not a subcontractor, and that since D. M. was a supplier to a supplier (Smith), D. M. is not entitled to claim a materialman's lien as a matter of law. We disagree. Under OCGA § 44-14-360 (6), subcontractor "means, but is not limited to, subcontractors having privity of contract with the prime contractor." In the absence of a clearer definition, we construe the word "subcontractor" to mean one who,

pursuant to a contract with the prime contractor or in a direct chain of contracts leading to the prime contractor, performed services or procured another to perform services in furtherance of the goals of the prime contractor. The record reveals that the manager of D. M.'s operations, who was also the vice-president of Smith's Georgia operations, testified on deposition that D. M. supplied asphalt to Smith, and that Smith actually performed the paving services pursuant to a contract it had with Pond, which had a contract with Tonn. Since there was evidence that Smith may have been a subcontractor, and not a supplier, it cannot be said as a matter of law that D. M. was a supplier to a supplier, and, therefore, the trial court did not err in denying Tonn's motion for summary judgment. See OCGA § 44-14-361.

2. Under the terms of Tonn's labor and material bond, a valid claim may be brought by "one having a direct contract with the Principal [Tonn] or with a subcontractor of the Principal for labor, material, or both . . ." Since D. M. had a contract with Smith, and there is evidence that Smith had a contract with a subcontractor of Pond, which had a contract with Tonn, there is a question of fact whether D. M. has a valid claim under the bond, based on the furnishing of the asphalt to Smith. There being no definition of subcontractor in the bond document, we again rely on our definition as applied in Division 1 of this opinion. Accordingly, Tonn's contention that its motion should have been granted because there was no privity of contract between it and D. M. also has no merit. Compare *Associated Distrib. v. De La Torre*, 138 Ga. App. 71 (1) (225 SE2d 462) (1976), overruled on other grounds, *Adair Mtg. Co. v. Allied &c. Enterprises*, 144 Ga. App. 354 (1b) (241 SE2d 267) (1977). The trial court did not err in denying Tonn's motion for summary judgment.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED MAY 27, 1988.

*R. Peter Catlin III*, for appellants.
*Michael B. Perry*, for appellee.