A91A2124. BENNING CONSTRUCTION COMPANY et al. v. DYKES PAVING & CONSTRUCTION COMPANY, INC.
(418 SE2d 620)

BEASLEY, Judge.

Defendants Benning Construction Company and St. Paul Fire & Marine Insurance Company appeal a judgment entered in favor of plaintiff Dykes Paving & Construction Company, Inc., in an action on a bond which discharged a materialman's lien pursuant to OCGA § 44-14-364. St. Paul is the surety on the bond posted by Benning. The jury awarded plaintiff $10,747.72 in damages, $1,784 in prejudgment interest and attorney fees of $6,000.

General contractor Benning entered into an agreement with owner Shaheen & Company for the construction of an office/ware-

house facility. Benning subcontracted with Scarboro Paving to furnish materials and labor necessary to install "asphalt paving and concrete curb and gutter work" according to certain specifications. Although the subcontract prohibited assignment or transfer without written consent of the contractor, Scarboro contracted with Lanier Paving Company to install the asphalt, without Benning's knowledge. Lanier ordered the asphalt material for the project from plaintiff pursuant to a joint payment agreement involving plaintiff, Scarboro and Lanier. Plaintiff delivered the asphalt and Lanier installed it. Scarboro's representative was on site as was Benning's superintendent, who knew that Lanier had supplied labor and equipment on the project and observed its employees' participation in the paving work.

The owner rejected the installation of the parking lot and demanded that it either be replaced or resurfaced. When Scarboro refused, Benning paid another subcontractor $8,200 to resurface the area. That contractor used the identical type of asphalt material, which plaintiff also supplied.

Plaintiff never received payment from Lanier for the material it had delivered to the project and thereafter sought payment from Benning. Benning refused for the stated reasons that the asphalt had not been supplied by plaintiff and in addition did not comport with contract specifications. Plaintiff provided Benning with documentation that it had supplied the material, along with engineering test results of the asphalt demonstrating substantial compliance with the grade specified in the general contract. When Benning continued to refuse payment, plaintiff notified the owner and then filed a materialman's lien for $10,747.72, the cost of the asphalt. Lanier subsequently declared bankruptcy, and in a separate action Benning obtained a default judgment against Scarboro for $31,695.70.

It was the opinion of the engineer who tested the material that although a "slight variation" existed between the grade specified in the contract and the material provided by plaintiff, "it came within industry standards to meeting the specified tolerances," and any variation would not affect the strength, longevity or appearance of the paved surface. Lanier's owner was "very familiar" with the type of asphalt specified in the contract. His opinion was that the grade of material supplied by plaintiff was as specified in the order.

1. Defendants contend that the trial court erred in denying their motion for a directed verdict made at the conclusion of the plaintiff's case and renewed at the close of the evidence. Their ground is that plaintiff was merely a supplier of materials to a supplier and was not entitled to a claim of lien as a matter of law because it neither supplied to a contractually authorized subcontractor nor had a contractual relationship with the owner.

OCGA § 44-14-361 (a) (2) provides that all materialmen furnish-

ing material to subcontractors shall have a special lien on the real estate for which they furnish labor, services or materials. Subsection (b) specifies that "[e]ach special lien . . . may attach to the real estate for which the labor, services, or materials were furnished if they are furnished at instance of the owner, contractor, or some person acting for the owner or contractor."

By statutory definition, " 'Subcontractor' means, but is not limited to, subcontractors having privity of contract with the contractor." OCGA § 44-14-360 (9). In *Tonn & Blank v. D. M. Asphalt*, 187 Ga. App. 272 (370 SE2d 30) (1988), "we construe[d] the word 'subcontractor' to mean one who, pursuant to a contract with the prime contractor or in a direct chain of contracts leading to the prime contractor, performed services or procured another to perform services in furtherance of the goals of the prime contractor."

Although Lanier was a second tier subcontractor having no privity of contract with Benning, it nevertheless was a "subcontractor" within the definition of the lien statute. As the supplier of material "used in making improvements to the real estate" for the benefit of the owner or a subcontractor, plaintiff was authorized by law to attach a lien on the property to the extent of the "reasonable value" of that material. OCGA § 44-14-360 (3); *Tonn & Blank*, supra; *Taverrite v. Lowe's of Franklin*, 166 Ga. App. 346 (1) (304 SE2d 78) (1983). Compare *Associated Dist. v. De La Torre*, 138 Ga. App. 71 (1) (225 SE2d 462) (1976), overruled on other grounds in *Adair Mtg. Co. v. Allied Concrete &c.*, 144 Ga. App. 354, 359 (241 SE2d 267) (1977), and *Porter Coatings v. Stein Steel &c. Co.*, 157 Ga. App. 260 (277 SE2d 272) (1981) (a supplier to a supplier of materials is not entitled to claim of lien under the statute). Even if Scarboro breached its contract with Benning by subcontracting with Lanier without Benning's consent, this would not destroy the privity of contract or prevent or defeat the statutory lien.

2. Defendants contend that the trial court erred in denying their motion for directed verdict with respect to plaintiff's demand for attorney fees. Plaintiff sought to recover expenses of litigation and established that $6,000 in attorney fees had been expended in pursuit of the claim against defendants. Because the jury did award attorney fees, the issue is not moot.

Defendants assert that attorney fees are not recoverable because not specifically provided for under the materialman's lien statute, OCGA § 44-14-360 et seq. " 'The purpose of the (materialman's) lien statutes . . . is, to give the furnisher of labor and material a claim upon the owner, to compel him at his peril to withhold final payment until he has received assurance from the contractor that he has paid all material and labor claims, which are or which may be perfected into liens.' [Cit.]" *Gignilliat v. West Lumber Co.*, 80 Ga. App. 652,

653 (1) (56 SE2d 841) (1949). "The lien statute is given a strict construction. . . ." *Ingalls Iron Works Co. v. Standard Acc. Ins. Co.*, 107 Ga. App. 454, 458 (130 SE2d 606) (1963). "The lien release bond provided for by OCGA § 44-14-364 serves as a replacement for the lien to which it refers, and does not authorize a new and different procedure limited to the bond or result in additional rights." *North v. Waffle House*, 177 Ga. App. 162, 163 (1) (338 SE2d 750) (1985).

" 'Attorney fees are recoverable only where authorized by some statutory provision or by contract. (Cit.)' [Cit.]" *Glynn County Fed. &c. Credit Union v. Peagler*, 256 Ga. 342, 344 (3) (348 SE2d 628) (1986). Conceding that the materialman's lien statute does not specifically provide for the recovery of attorney fees, plaintiff contends they are nevertheless entitled to an award of attorney fees under OCGA § 13-6-11. Plaintiff had no contractual relationship with defendant contractor. Compare *Linco Constr. Co. v. Tri-City Concrete*, 161 Ga. App. 174 (1) (288 SE2d 125) (1982). Nor did the posting of the bond confer any additional rights on plaintiff. *North*, supra at 163. Plaintiff having failed to establish a statutory or contractual basis for his claim of attorney fees, the trial court erred in denying defendants' motion for directed verdict in this regard.

3. Defendants assert as error the failure to give a requested charge that the jury "may consider the expense incurred by Benning Construction in resurfacing the parking lot in determining the value of the material supplied by [plaintiff] Dykes Paving." *Adams v. W. P. Stephens Lumber Co.*, 158 Ga. App. 761 (282 SE2d 217) (1981), was cited as authority for the requested charge. The court instead charged a set-off provision in the exact language quoted in *Adams* from *Young v. Harley-Mitchell Hardware Co.*, 173 Ga. 35 (1) (159 SE 567) (1931). Neither the requested charge nor the charge as given was adjusted to the evidence. Although erroneous, the charge was beneficial to defendants and therefore must be deemed harmless. *Abernethy v. Cates*, 182 Ga. App. 456 (3) (356 SE2d 62) (1987).

4. Appellee's motion for damages for frivolous appeal pursuant to OCGA § 5-6-6 is denied. As the $6,000 award of attorney fees cannot stand, the judgment is affirmed only on condition that the award of attorney fees be written off, otherwise reversed.

*Judgment affirmed on condition. Carley, P. J., and Johnson, J., concur.*

DECIDED APRIL 3, 1992 —
RECONSIDERATION DENIED APRIL 28, 1992 —

*Kilpatrick & Cody, H. Quigg Fletcher III, Douglas F. Kaleita,* for appellants.

Thompson & Slagle, DeWitte Thompson, Jr., Jefferson B. Slagle, Richard E. Witterman, Jr., for appellee.