S92G0980, S92G1050. BENNING CONSTRUCTION COMPANY et al. v. DYKES PAVING & CONSTRUCTION COMPANY, INC.
(two cases).
(426 SE2d 564)

CLARKE, Chief Justice.

Appellant Benning Construction Company (Benning) is a general contracting firm which entered into an agreement with Shaheen &

Company (Shaheen) to construct an office and warehouse facility. Benning subsequently subcontracted with Scarboro Paving (Scarboro) to perform the paving, curb, and gutter work associated with this project.

Although Benning's contract with Scarboro specifically prohibited assignment of the contract without Benning's written consent, Scarboro entered into a contract with Lanier Paving Company (Lanier) to install the asphalt. Benning was unaware of this contract. Some evidence in the record indicates that Benning's superintendent observed Lanier's employees participating in the paving work. However, the superintendent never informed Benning's project manager or president of this fact, and they were unaware of Lanier's participation until the asphalt had been completely installed. Further, the project superintendent was not a party to the contract, and according to testimony at trial, he did not have the authority to approve an assignment of Scarboro's contract to Lanier. Rather, there was testimony that the project manager and the president of Benning Construction alone had the authority to waive the anti-assignment clause, and that Scarboro did not ask either for a waiver. There is no evidence that either of these persons had knowledge of Lanier's involvement.

Lanier obtained the necessary materials from appellee Dykes Paving and Construction Company (Dykes), and paved the parking lot.

Shaheen rejected the parking lot, alleging that it failed to meet contractual specifications, and demanded that it be replaced or resurfaced. When Scarboro refused to comply with this demand, Benning paid another subcontractor to resurface the parking lot. Additionally, Dykes demanded payment from Benning for the materials Lanier had used to pave the original parking lot after Lanier failed to pay for them. When Benning refused to pay, Dykes notified Shaheen and filed a materialman's lien for the cost of the materials supplied to Lanier. Benning provided a bond to discharge the lien, with appellant St. Paul Fire and Marine Insurance Company (St. Paul) as surety.

In a series of subsequent legal actions, Lanier declared bankruptcy; Benning obtained a default judgment against Scarboro; and Dykes brought this action to foreclose its lien. In the action to foreclose the lien, the jury found in favor of Dykes, and returned a verdict against Benning and St. Paul in the amount of the cost of the materials supplied to Lanier, prejudgment interest, and $6,000 attorney fees.

The Court of Appeals affirmed *Benning Constr. Co. v. Dykes Paving &c. Co.*, 204 Ga. App. 73 (418 SE2d 620) (1992), holding that Lanier was a subcontractor within the meaning of OCGA § 44-14-360 (9), and, therefore, Dykes was entitled to a claim of lien under OCGA § 44-14-361.1. We granted certiorari to determine whether the Court of Appeals erred in this holding.

OCGA § 44-14-360 (9) provides that a " 'subcontractor' means, but is not limited to, subcontractors having privity of contract with the contractor." OCGA § 44-14-361 (b) provides that a lien will attach to "real estate for which labor, services, or materials were furnished *if they are furnished at instance of the owner, contractor, or some person acting for the owner or contractor.*" (Emphasis supplied.) Both this court and the Court of Appeals have held that the lien statutes, being in derogation of the common law, are to be strictly construed against the lien claimant, and that strict compliance is required in order to enforce them. *Consolidated Systems v. AMISUB*, 261 Ga. 590 (1) (408 SE2d 109) (1991); *Roberts v. Porter, Davis, etc.*, 193 Ga. App. 898 (3) (389 SE2d 361) (1989).

In deciding this case, the Court of Appeals relied on *Tonn & Blank, Inc. v. D. M. Asphalt, Inc.*, 187 Ga. App. 272 (370 SE2d 30) (1988). In *Tonn & Blank* the Court of Appeals held that in absence of a clearer definition of "subcontractor" than that provided by OCGA § 44-14-360 (9), supra, "subcontractor" will be construed to mean

> one who, pursuant to a contract with the prime contractor or in a direct chain of contracts leading to the prime contractor, performed services or procured another to perform services in furtherance of the goals of the prime contractor. Id. at 272-273.

In *Tonn & Blank* the general contractor contracted with a subcontractor to perform paving work. The subcontractor then contracted with another entity to perform the paving work. The latter entity failed to pay for the materials used for paving and the supplier filed a materialman's lien. The threshold issue was whether the latter entity was a subcontractor within the meaning of the statute. The Court of Appeals held that because the entity which actually performed the paving was in the direct chain of contracts leading to the prime contractor, there was sufficient evidence of its status as a subcontractor to create a jury question.

However, in *Tonn & Blank* the prime contractor did not dispute the fact that the contract between the two subcontractors was authorized. In the case before us it is undisputed that the contract between Scarboro and Lanier was not authorized by Benning, the prime contractor, and was, in fact, in violation of the anti-assignment clause contained in the contract between Benning and Scarboro. Therefore, the contract between Scarboro and Lanier was not in the "direct chain of contracts leading to the prime contractor," id. at 273, nor were the materials provided by appellee to Lanier furnished at the "instance of the owner, contractor, or some person acting for the owner or contractor." OCGA § 44-14-361 (b). Absent proof of a con-

tractual relationship, either directly or through a chain of contracts, between the owner of the property and the person to whom the materials are furnished, a lien created under OCGA § 44-14-361 et seq. will not attach. *Ben Hill Ready Mix &c. Co. v. Prather*, 160 Ga. App. 149, 150 (286 SE2d 481) (1981); *Frank Woods Constr. Co. v. Randi*, 177 Ga. App. 438 (339 SE2d 406) (1986).

Therefore, Lanier was not a subcontractor as a matter of law, and appellee's lien is unenforceable. Consequently, the Court of Appeals erred in affirming the trial court's denial of appellants' motion for directed verdict on this issue. To hold otherwise would create a rule that one who furnishes construction materials to a contractor or subcontractor acting without proper authority becomes a secured creditor with the advantage of a guarantee provided by the lien statutes. This would result in a liberal rather than strict construction of the lien laws. Further, it would prevent parties from protecting themselves, as Benning did in this case, by including an anti-assignment clause in its contracts with subcontractors.

*Judgment reversed. Hunt, P. J., Benham, Fletcher, Sears-Collins, Hunstein, JJ., and Judge Michael Stoddard concur.*

DECIDED MARCH 8, 1993 —
RECONSIDERATION DENIED MARCH 24, 1993.

*Kilpatrick & Cody, H. Quigg Fletcher III,* for appellants.
*Thompson & Slagle, DeWitte Thompson, Jr.,* for appellee.
*Smith, Currie & Hancock, Robert B. Ansley, Jr., George Papaioanou,* amicus curiae.