## A92A0435. TOM BARROW COMPANY v. ST. PAUL FIRE & MARINE INSURANCE COMPANY et al.

(421 SE2d 85)

BIRDSONG, Presiding Judge.

The question in this appeal concerns the application of "the Little Miller Act" (OCGA § 36-82-100 et seq.) to a materialman that furnished materials to a second tier subcontractor on a public works project. The record shows that the materialman, Tom Barrow Company, sued Ra-Lin & Associates, Inc., a general contractor, and St. Paul Fire & Marine Insurance Company, Ra-Lin's bonding company, under OCGA § 36-82-104 (b) on the payment bond required by OCGA §§ 13-10-1 and 36-82-101 for the amount owed, interest, and attorney fees, and that the defendants were granted summary judgment. Tom Barrow Company asserts that the effect of the trial court's grant of summary judgment was to hold the Little Miller Act inapplicable to such materialman.

The record shows Cobb County contracted with Ra-Lin as general contractor for the project; Ra-Lin subcontracted part of the work to North Georgia Equipment Company; North Georgia subcontracted with Worsham Sheetmetal Company, and Tom Barrow Company furnished materials to Worsham which were used in the project. The record also shows that although Ra-Lin paid North Georgia and North Georgia paid Worsham, Worsham went bankrupt without paying Tom Barrow Company.

Although the trial court did not state the reasons for its ruling, appellees' motion for summary judgment asserted that Tom Barrow Company was not protected by the bond because the Little Miller Act did not apply to a materialman to a second tier subcontractor. *Held*:

1. OCGA § 13-10-1 (a) (2) (A) provides, in part: "A payment bond with good and sufficient surety or sureties, payable to the state, county, municipal corporation, or public board or body thereof for which the work is to be done, and for the use and protection of all subcontractors and *all persons supplying* labor, materials, machinery, and equipment *in the prosecution of the work provided for in the contract*." (Emphasis supplied.) Even though appellees acknowledge the Little Miller Act's coverage is not expressly limited as they contend, they argue that because our act is patterned on the Federal Miller Act we should limit the coverage of the Little Miller Act to the general contractor's immediate subcontractors and their immediate suppliers in the same manner as the federal courts have limited the coverage of the Federal Miller Act.

This argument, however, is contrary to the interpretation given this state's Little Miller Act. As we stated in our recent decision in *Sunderland v. Vertex Assoc.*, 199 Ga. App. 278, 280-281 (404 SE2d 574), "[i]n *Home Indem. Co. v. Battey &c. Co.*, 109 Ga. App. 322 (136

SE2d 193) (1964), this court considered whether federal cases interpreting the parallel Miller Act, 40 USC §§ 270a and 270b, to exclude claims by second and third tier subcontractors were persuasive under our statute. In that case, Battey provided machinery, materials and equipment to Rome Plumbing, a subcontractor of National Heating & Air Conditioning, which was a subcontractor of Gann Construction Company, the prime contractor. The United States Supreme Court in *Clifford F. MacEvoy Co. v. United States*, 322 U. S. 102 (64 SC 890, 88 LE 1163) (1944) based upon language identical to that in OCGA § 36-82-104 (b), 'by applying (this) proviso reached the conclusion that the word "subcontractor" in the Miller Act refers only to one having a direct relationship to the main contractor and that those supplying materials to the subcontractor not having such relationship have no right to sue on the bond. . . . (T)he Georgia statute does, as the Miller Act does not, have a section defining the word "subcontractor" as used in the Georgia statute. (OCGA § 36-82-100 (2)) reads in part as follows: "The term 'subcontractor' includes *but is not limited* to those having privity of contract with the prime contractor." (Emphasis ours.) The lack of such a definition in the Miller Act resulted in the construction placed thereon by the Supreme Court of the United States. Therefore, the Supreme Court decision construing the Miller Act is not only not persuasive authority but is no authority at all as applicable to the Georgia statute insofar as it holds that a subcontractor is limited to those having privity with the main contractor. The Georgia statute is plain and explicit. (Battey) is such a person who, as according to the statute, has a right to sue upon the payment bond.' (Indention omitted.) Id. at 325.

"Similarly, *Tonn & Blank, Inc. v. D. M. Asphalt*, 187 Ga. App. 272 (1) (370 SE2d 30) (1988) dealt with the more restrictive lien statute and its similar definition of subcontractor as 'means, but is not limited to, subcontractors having privity of contract with the prime contractor,' and held that '(i)n the absence of a clearer definition, we construe the word "subcontractor" to mean one who, pursuant to a contract with the prime contractor or in a direct chain of contracts leading to the prime contractor, performed services or procured another to perform services in furtherance of the goals of the prime contractor.' " Id. Therefore, the federal and state cases cited by Ra-Lin and St. Paul relying on interpretation of the Federal Miller Act are not authority.

Moreover, Ra-Lin's and St. Paul's argument that Tom Barrow is not covered by the bond is without merit. "[B]ecause the bond is a statutory one, its terms can be no narrower than those of the statute. [Cit.]" Id.

Accordingly, the trial court erred by granting summary judgment to St. Paul and Ra-Lin and, since the parties agree there are no issues

of material fact, the trial court also erred by denying Tom Barrow's motion for summary judgment.

2. Further, since St. Paul and Ra-Lin admitted the principal amount owed Tom Barrow, the trial court erred by denying Tom Barrow's motion for summary judgment for prejudgment interest under OCGA § 7-4-16. Compare *Sunderland v. Vertex Assoc.*, supra. Moreover, since Tom Barrow Company specifically pleaded a claim for its attorney fees and expenses of litigation under OCGA § 13-6-11 and supported that claim in its motion for summary judgment and since appellees' position was contrary to well-established law in this state, it is entitled also to recover on that claim.

3. Accordingly, the trial court is directed to enter summary judgment as established by Tom Barrow Company in its motion for summary judgment.

*Judgment reversed and the case remanded to the trial court with direction. Beasley and Andrews, JJ., concur.*

DECIDED JUNE 26, 1992 —
RECONSIDERATION DENIED JULY 14, 1992 —

*Gibson & Deal, John W. Gibson, James B. Deal, James P. P. Dirr,* for appellant.

*Smith & Diment, Dana G. Diment, James J. Hopkins,* for appellees.