A94A0040. BARTON MALOW COMPANY et al. v. METRO
MANUFACTURING, INC.
(446 SE2d 785)

POPE, Chief Judge.
   Defendants, a general contractor on a county construction project and its surety, appeal from the trial court's grant of partial summary judgment for plaintiff, a company which supplied materials used in the project, on plaintiff's claim for recovery under a statutory payment bond. See OCGA § 13-10-1 (b) (2). Concluding that this case is controlled by Tom Barrow Co. v. St. Paul Fire &c. Ins. Co., 205 Ga. App. 10 (1) (421 SE2d 85) (1992), we affirm.
   Defendant Barton Malow Company was hired by DeKalb County to complete the Scott Candler Filter Plant Expansion Project, and defendant Aetna Casualty & Surety Company was Barton Malow's surety on the statutorily required payment bond. Barton Malow needed prefabricated carbon steel pipe and certain pipe accessories for the project and contracted with nonparty Progressive Fabricators, Inc. ("ProFab") to provide them. ProFab in turn contracted with plaintiff to supply some of these items, which were ultimately delivered to the project site. ProFab then filed bankruptcy without satisfying its debt to plaintiff, and plaintiff brought suit against defendants for recovery under the payment bond.
   Citing Clifford F. MacEvoy Co. v. United States, 322 U. S. 102 (64 SC 890, 88 LE 1163) (1944), defendants argue that plaintiff is too remote a supplier to recover under the bond. In Tom Barrow Co., however, we rejected the narrow definition of subcontractor reflected in MacEvoy, and further rejected the argument that we should limit the coverage of Georgia's Little Miller Act in the same way the federal courts have limited the coverage of the Federal Miller Act. See 205 Ga. App. at 10-11; see also Sunderland v. Vertex Assoc., 199 Ga. App. 278 (1a) (404 SE2d 574) (1991). The general contractor in Tom Barrow Co. subcontracted part of its duties to North Georgia Equipment Company, which in turn subcontracted part of its job to Worsham Sheetmetal Company. Worsham procured materials from the plaintiff which were used in the project, and Worsham then went bankrupt without paying the plaintiff. Under these circumstances, we held the plaintiff was a person "supplying labor, materials, machinery, and equipment in the prosecution of the work provided for in the contract," OCGA § 13-10-1 (b) (2), and thus was covered by the bond.

In this case, the general contractor subcontracted part of its duties (the procurement of piping) to ProFab, which in turn purchased piping materials from plaintiff. Thus, the only difference between this case and *Tom Barrow Co.* is that plaintiff here is one step *closer* to the general contractor than the plaintiff in *Tom Barrow Co.*. Even if we assume that in *Tom Barrow Co.*, Worsham Sheetmetal Company, despite its name, subcontracted with North Georgia Equipment to provide services and not simply to provide materials, this distinction between a supplier of services and a supplier of materials is a distinction without a difference. A general contractor assumes the full responsibility for completing a project, which requires equipment and materials as well as labor and other services. It then hires others to provide the things it needs, subcontracting out pieces of its responsibility under the prime contract. Some of those it subcontracts with will be providing primarily labor or services; others may be providing primarily material or equipment. But they are all subcontractors in the sense that the general contractor has delegated some of its responsibility under the prime contract to them, and there is no reason to give those subcontractors providing materials a lesser degree of protection than those providing labor or other services.

Accordingly, the trial court did not err in ruling that plaintiff was not too remote a supplier to recover under the bond and in granting partial summary judgment for plaintiff on this issue.[1]

*Judgment affirmed. McMurray, P. J., Birdsong, P. J., Beasley, P. J., Andrews, Johnson, Blackburn, JJ., and Senior Appellate Judge Harold R. Banke concur. Smith, J., dissents.*

SMITH, Judge, dissenting.

I respectfully dissent, because in my opinion the Little Miller Act is the law to be applied in this case. The flesh and bone of the Act, ignored by the majority in order to reach its result, may be found at OCGA § 36-82-100 et seq. For an excellent discussion suggesting how this case should be decided under our statutory scheme, see *J. W. Bateson Co. v. Bd. of Trustees*, 434 U. S. 586, 601 (98 SC 873, 55 LE2d 50) (1978) (Stevens, J., dissenting).[2] In short, I would hold that

---

[1] Defendants also argue in their briefs that plaintiff failed to comply with the notice requirements of the Little Miller Act. This issue is beyond the scope of the lower court's grant of partial summary judgment, and we do not address it.

[2] I believe Justice Stevens's dissent is applicable to the Little Miller Act because in it he argues that the term "subcontractor" under the federal Miller Act should not be limited to those in privity of contract with the prime contractor. This is precisely the view adopted by our General Assembly in OCGA § 36-82-100 (2). The most striking feature of Justice Stevens's dissent, however, is the fact that it is consistent with every case decided under our Little Miller Act until now, *including Tom Barrow Co. v. St. Paul Fire &c. Ins. Co.*, 205 Ga. App. 10, 11 (1) (421 SE2d 85) (1992), the case on which the majority relies so heavily.

a mere supplier to a supplier is not covered under a statutory payment bond given pursuant to OCGA § 36-82-100 (2). See generally *J. W. Bateson Co.*, supra.

The majority explains that in the beginning, a general contractor assumes full responsibility for the entire government contract. Subsequently, "it hires others to provide the things it needs." All of these persons are "subcontractors," according to the majority. For this reason, they are to be afforded the same degree of protection. This, of course, is nothing new. It is axiomatic that persons in privity of contract with the prime contractor are covered under the statutory payment bond, whether they be subcontractors or materialmen. In this sense, then, the majority has accomplished nothing. ProFab, the bankrupt materialman in this case, is certainly made no better off as a result of the decision reached today, although the majority apparently disagrees.

The intent appears to be to label ProFab a subcontractor as a means of declaring our claimant, Metro, to be more than a mere supplier to a supplier. I believe the majority's effort has been more successful than may appear at first blush. Its holding must be harmonized with OCGA § 36-82-100 (2), which prevents us from limiting subcontractor status only to those with whom the prime contractor deals directly. Accordingly, it would appear that Metro is not covered under the payment bond merely because it is in privity of contract with a subcontractor; rather, it is covered because Metro *is* a subcontractor under the majority's holding. After all, Metro performs a function no different than ProFab. ProFab assumed the full responsibility to fill Barton Malow's purchase order and "subcontracted" with Metro to provide some of the pipe that it needed to fill the order. Metro, which appears to have fulfilled its subcontracting duties from St. Louis, Missouri, undoubtedly subcontracted with other subcontractors throughout the country, whose efforts likewise found their way into the Scott Candler Filter Plant Expansion project in DeKalb County, Georgia.

In short, unless the majority's holding today is somehow narrowed in scope in future cases, it would appear that "all persons supplying labor, materials, machinery, and equipment in the prosecution of the work provided for in the contract" will be "subcontractors," regardless of whether they are in privity of contract with the prime contractor. OCGA §§ 13-10-1 (a) (2); 36-82-100 (2). This will mean that any language in the Little Miller Act implying a contrary result is mere surplusage. See OCGA §§ 13-10-1 (a) (2); 36-82-102; 36-82-104 (f). "The assault upon the citadel of privity is proceeding in these

days apace."[3]

Decided July 15, 1994.

*Alston & Bird, Robert L. Crewdson, Bovis, Kyle & Burch, John V. Burch*, for appellants.

*White, Smith, Howard & Ajax, Michael D. St. Amand*, for appellee.

---

[3] *Ultramares Corp. v. Touche*, 255 N. Y. 170, 180 (174 NE 441) (1931) (Cardozo, J.).